# McNeil *et al. v.* The State of Alabama; Skinner *et al. v.* The State of Alabama.

*Actions against Tax Collector and Sureties on Official Bond.*

1.   *When demurrer waived.*—When a demurrer to a complaint does not appear from the record to have been called to the attention of the lower court, or any action whatever taken thereon, it will be presumed, on appeal, to have been waived.
2.   *Judgment by consent; what is.*—A recital in a judgment-entry, that the parties came by their attorneys, and by consent of defendants, the judgment was rendered against them, shows that the defendants, and not their attorneys, consented to the rendition of the judgment.
3.   *Same; a release of errors.*—Such a judgment operates a release of errors, and the consent upon which it is founded can not afterwards be withdrawn, and the judgment reversed at the instance of the defendants.

APPEAL from Marengo Circuit Court.

Tried before Hon. HARRY T. TOULMIN.

These suits were founded on two official bonds of M. H. McNeil, as tax collector of Marengo county, and were brought by the State against him and the sureties on each of said bonds.

[McNeil et al. v. The State of Ala.; Skinner et al. v. The State of Ala.]

In each case the complaint and a demurrer filed thereto are the only pleadings contained in the record. On the day the demurrers were filed, a judgment was rendered in each case against the appellants therein, but not against the said McNeil and one Riddle, the latter of whom was a surety on each bond, and had been sued in each case. The judgment against F. A. McNeil and others, after a statement of the title of the cause, is in these words: "This day came the parties by their attorneys, and by consent of defendants, F. A. McNeil, S. G. Woolf, as administrator of the estate of H. A Woolf, deceased, T. M. Witherspoon, T. H. Skinner and C. F. Compton, that judgment may be rendered against them in favor of the plaintiff for $4,421.85: It is therefore considered and ordered by the court, that the plaintiff have and recover of said named defendants the said sum of four thousand four hundred and twenty-one 85-100 dollars, besides costs of suit in this case accrued, for which execution may issue. It is further ordered, that the defendants M. H. McNeil and A. A. J. Riddle have leave to file pleas within the next thirty days." The judgment rendered in the other case was similar, the parties defendant and amount only being different.

The errors here assigned in each case are, in substance, that the court erred (1) in the judgment rendered; (2) in rendering judgment on the consent of attorneys, who are not shown to have had any authority from the defendants to give such consent; (3) in rendering judgment without passing on the demurrer filed; and (4) in rendering judgment against a part of the defendants sued, without rendering judgment either in favor of, or against the other defendants.

JOHN W. PORTIS, and WATTS & SONS, for appellants.

H. C. TOMPKINS, Attorney-General, and SPROTT & ALTMAN, *contra.*

BRICKELL, C. J.—On error all reasonable presumptions are indulged to support the judgment of the primary court. The demurrers appearing of record do not seem to have been called to the attention of the Circuit Court, or any action upon them invoked. In this condition of the record it has been often held by this court, the presumption on error is, that the demurrer was waived.—1 Brick. Dig. 782, § 134. The presumption in this case is almost, if not quite indisputable, for on the day of filing the demurrers, the present appellants confessed the judgment from which the appeal is taken.

The statute is express, that a confession of judgment is a release of errors.—Code of 1876, § 3945. The words of the judg-

[Ex parte Dunlap.]

ment admit of no other construction than that the appellants consented to it—that they, not their attorneys, agreed, yielded assent to it. Consent removes or obviates mistakes or errors in the course of judicial proceedings. *Consensus tollit errorem*, is a conservative maxim of general application. If there be error in the judgment, the plaintiff and the Circuit Court were led into it by the consent of the appellants, a consent which involved an agreement on their part to waive, not to claim or take advantage of the error. The consent can not be withdrawn, and the judgments reversed at the instance of either party.

Let the judgment be affirmed.