# Gunter *v.* Hinson, *et al.*

### *Bill to Enjoin Selling Property.*

(Decided June 17, 1909.   50 South. 86.)

1. *Judgment.*—A recital in a judgment that the parties interested and sui juris consented to its rendition, is conclusive of the facts recited and imports absolute verity in the absence of fraud.

2. *Same; Consent to Rendition; Waiver of Irregularity.*—A consent that a decree be made and entered waives prior irregularities, and is a release of errors.

3. *Evidence; Presumptions; Personal Status.*—The presumption is that parties to a suit are sui juris and without disability unless the contrary appears, and where the decree recites that all the adult parties interested consented to its rendition, it will be presumed that a party to the cause was an adult and within the recital of the decree.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by W. A. Gunter, Jr., against Evans Hinson and others. Decree for defendants, and complainant appeals. Affirmed.

The case made by the bill is that Laura B. Jones was possessed of a life estate in certain lands in the city of Montgomery, and by proper deed of conveyance and upon a vauable consideration sold the same to complainant in this cause; that complainant paid the purchase

[Gunter v. Hinson, et al.]

money and went into possession of the land, and was so in possession when this bill was filed; that on May 25, 1907, S. S. Belser, then sheriff of Montgomery county, received an execution of fieri facias from the register of Lowndes county against Laura Jones in the sum of $800, with interest and costs, issued upon what purports to be a judgment against Laura B. Jones, and in favor of Martha E. Hinson and Evans Hinson, which execution the sheriff has levied upon the property described in the bill as the property of Laura B. Jones, and has advertised the same for sale on a given day. It further alleges that orator is a bona fide purchaser without notice of said judgment or lien, and that at the time of the purchase there was no execution in the hands of the sheriff of Montgomery county, or execution lien thereon. It is then alleged that the judgment is void, because the suit in which the judgment was rendered was by one May and others, creditors of Hinson, against Martha and Evans Hinson, and Laura B. Jones, as administrator of one of the sureties. The facts as to this particular case of *May v. Jones et al.,* are set out in the opinion. This bill further seeks to restrain Belser and Hinson from selling said property and that the injunction on the final hearing be made perpetual.

GUNTER & GUNTER, for appellant. Presumption is never indulged as to the jurisdiction of the court as to the particular matter and the parties or the factum of the decree. These are the extremes which the record must always show. Otherwise the proceeding is coram non judice, and open to collateral attack.—2 Hughes on Proc. 722; *Windsor v. McVeagh,* 93 U. S. 274. Judgments must be within the issue of the pleading.—*Reynolds v. Stockton,* 140 U. S. 254; *Windsor v. McVeagh,*

*supra.* Jurisdiction is defined in the following books and cases.—1 Hughes on Proc. chap. s. 1, and 2; 2 Hughes on Proc. 722-5; Ib. 762; *Munday v. Vail,* 34 N. J. L. 433. If the judgment has any validity, it is a judgment of confession, and as such is not a good judgment. —1 Freeman on Judgments, secs. 6 and 7; 2 Ib. sec. 543; 1 Black on Judgments secs. 50, 51; *Evans v. Fern,* 16 Ala. 689. See in this connection.—*Hill v. Lambert,* Minor 91; *Bissell v. Carville,* 6 Ala. 503; *Hodges v. Ashurst,* 2 Ala. 301; *Brown v. Little,* 6 Ala. 503; 23 Cyc. 699; *Beverly v. Stevens,* 17 Ala. 703. The alleged confession does not purport to be by an attorney in the original suit or by any attorney in fact under a special warrant.—*Caller v. Denson,* Minor 19; *Hodges v. Ashurst, supra.* It is a rule without exception that a warrant of attorney to confess judgment must be construed strictly and strictly followed.—*Mayer v. Pick,* 35 Am. St. Rep. 352. Laura B. Jones did not appear and confess the decree in question, and the record does not so show that she did.—*Speed v. Cocke,* 57 Ala. 209; *Alexander v. Wheeler,* 69 Ala. 332. Matters essential to a pleader's right must appear not by inference, argument or presumption, but by direct and unambiguous averments.—*Speed v. Cocke, supra; Bliss v. Anderson,* 31 Ala. 612; *Duckworth v. Duckworth,* 35 Ala. 70.

H. S. HOUGHTON, for appellee. Laura Jones was not injured, and therefore, she, or her privy Gunter, are in no position to complain.—2 Ency P. & P. 500; 2 Mayf. 176. Under the facts in this case, it was not necessary that the Hinsons' file a cross bill against Laura B. Jones.—*Lehman v. Tallassee Mfg. Co.,* 64 Ala. 567. The decree was rendered by counsel, and is therefore a waiver of all irregularities, and a release of errors.—*Skinner v. The State,* 71 Ala. 71; *Adler v. VanKirk,* 114 Ala.

551; 23 Cyc. 728; 5 Ency P. & P. 962. Under these authorities, a consent decree may be entered by the judge in open court on the consent of the parties or their attorneys expressed orally. The recital in the decree that it was rendered by consent determines beyond contro. versy, the fact that consent is given.—*Ex parte Rice,* 102 Ala. 671. The recitals in the judgment are assumed to be true.—*Ex parte Beavers,* 34 Ala. 71. Persons are presumed not to labor under disabilities.—22 A. & E. Ency of Law, 1285; 9 Ency of Evid. 895; *Roe v. Arnold,* 39 Ind. 24.

McCLELLAN, J.—E. Kirk May and others in 1898, filed a general creditor's bill seeking equity's aid in their behalf and in behalf of all other creditors similarly situated. The debtor was alleged to be Joseph L. Hinson, who had, as general administrator of Lowndes county, administered the estate of Joseph A. May, deceased, of whom the named complainants were heirs and distributees, and had, it is alleged, wasted the assets of the estate committed to his care. Jane E. Evans was one of the sureties on the bond of Joseph L. Hinson. Among other respondents to the bill were Martha Hinson, individually and as executrix of J. L. Hinson's estate, and Evans Hinson and Laura B. Jones. The purpose of the bill, in the aspect that it touched Laura B. Jones, was to make the assets of the estate of Jane E. Evans in her hands liable for the debts of Jane E. Evans, as surety for Joseph L. Hinson on his administration bond, for misconduct in respect of the Joseph A. May estate. Aside from other matters of ascertainment and adjudication according to equity's practices, following a decree granting the relief prayed in the bill, the court confirmed the report of a special master wherein it was found that Laura B. Jones had received personal prop-

erty belonging to the estates of Jane E. Evans and Joseph L. Hinson of the value of $800, that said property was not in existence, and that Laura B. Jones was insolvent. A decree was entered on the 28th day of January, 1902, wherein a personal judgment was rendered in favor of Martha E. and Evans Hinson and against Laura B. Jones. The closing paragraph in said decree was this: "All of the adult parties interested in this cause and in the other causes consolidated herewith, under the previous decrees of this court, agreed and consented in open court to the making of this decree."

Solicitors for appellant admit, as we undestand their brief, that the chancery court of Lowndes had jurisdiction of the subject-matter and of the parties in the cause referred to in the above quotation. To avail the appellant in this cause, the decree in question must be void, as he contends, not merely irregular. After a careful review of the whole case, and of the arguments of the solicitors, we feel impelled to affirm the decree dismissing this bill, for the reason the personal judgment against Laura B. Jones was invited by and grounded upon the recited consent of the "adult parties interested," one of whom Laura B. Jones presumptively was, and was, therefore, not void. We think it is settled that a recital in a judgment, rendered by a court of competent jurisdiction, that the parties interested and sui juris consented or agreed to its rendition, is, in the absence of vitiating fraud in the premises, conclusive of the fact recited, and imports absolute verity.—*Ex parte Rice*, 102 Ala. 671, 15 South. 450; *Deslonds v. Darrington's Heirs*, 29 Ala. 92; 5 Ency. Pl. & Pr. p. 963, and notes; 23 Cyc. p. 728, and notes; *Adler v. Van Kirk Land & Const. Co.*, 114 Ala. 551, 21 South. 490, 62 Am. St. Rep. 133. The recital here is that all adult parties interested in the proceeding consented to the decree en-

[Gunter v. Hinson, et al.]

tered. There can be no serious questioning of the fact that Laura B. Jones was a party interested in the cause. Since the presumption is that parties are sui juris, without disability, unless something to the contrary appears, it must be here presumed that Laura B. Jones was an adult, within the recital of the decree—a person over the age of 21 years.—22 Am. & Eng. Ency. Law, p. 1285, and authorities cited in note 2; 9 Ency. of Ev. 895. Accordingly it is clear that Laura B. Jones came within the comprehensive description of the parties to the cause whose consent and agreement in open court afforded the highest support and justification for a decree rendered in a cause of which the court confessedly had jurisdiction both of the subject-matter and of the parties.

The controlling purpose and scope of the original bill filed by E. Kirk May and others was that usually attending a general creditors bill. Its broad object was that of administration of the assets of the estate of Joseph L. Hinson. All creditors were invited to propound their claims, and among others accepting the opportunity were Martha E. and Evans Hinson. By the consent decree at least a part of their demand was merged into the personal judgment against Laura B. Jones. She had been the wrongful recipient of assets from Jane Evans, one of Joseph L. Hinson's sureties, and the obligation was on Laura B. Jones to restore in value what she had in property received. Martha and Evans Hinson were evidently due the fruit, at least in part, of this restoral, and because the mode adopted to accomplish the object was by direction, rather than circuitous, cannot, on any theory of the law of which we are aware, or have been able to discover, work an absolute nullity, when the parties concerned consented in open court that the mode pursued should be so taken.

Obviously, Laura B. Jones, even on appeal, could not have avoided the judgment rendered against her by her consent. That consent waived all and every irregularity preceding and was a release of errors.—*McNeil and Skinner v. State,* 71 Ala. 71; *Adler v. Van Kirk Land & Const. Co.,* 114 Ala. 551, 560, 561, 21 South. 490, 62 Am. St. Rep. 133.

The purpose of appellant's bill being to restrain the execution of process to enforce the mentioned personal judgment against Laura B. Jones, and that on the theory that such judgment was void, it accordingly results from the considerations stated that the city court's decree dismissing the bill must be affirmed.

Affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.