■ On May 27, 1963, Jack Wilson filed in this Court a document, or instrument, entitled "Appeal from Habeas Corpus, Montgomery County, Circuit Court, Montgomery, Alabama, May 7th 1963. Sentenced June 9, 1937, Tuscaloosa County, Alabama (6th Judicial Court) Case Numbers 4061–4062. Robbery, Robbery, 50 years, 50 years (2 cases)."

---

155 So.2d 507

**Ex parte Jack WILSON.**

6 Div. 998.

Supreme Court of Alabama.

July 3, 1963.

See also 155 So.2d 506.

Jack Wilson, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

---

1. Ante, p. 89.

LIVINGSTON, Chief Justice.

Jack Wilson, alias Jack Hart Wilson, who is presently confined in Kilby Prison, has filed in this Court several documents, petitions, and what he terms "appeals," which arose out of two convictions for robbery on June 9, 1937, in the Circuit Court of Tuscaloosa County, Alabama.

On June 2, 1937, the Grand Jury of Tuscaloosa County returned two indictments against Jack Wilson, alias Jack Hart Wilson, each charging the offense of robbery. Each of these indictments contained two counts, and each was given a separate circuit court docket number, 4061 and 4062.

On June 9, 1937, the defendant entered a plea of guilty under both indictments, and in each case separate juries returned verdicts fixing his punishment at a term of 50 years in the penitentiary.

In November, 1962, the defendant filed his petition in the Circuit Court of Tuscaloosa County for a writ of error coram nobis based on the allegation that he was not represented by counsel at the trials on June 9, 1937. On January 28, 1963, the petition for writ of error coram nobis was heard in open court in the Circuit Court of Tuscaloosa County before Honorable W. C. Warren, Presiding Judge of said court. At said hearing, Hon. Walter P. Crownover, a practicing attorney in Tuscaloosa County, represented the defendant, at which time it was affirmatively established that petitioner was represented on his two trials in 1937 by Hon. Seaborn Mosley and Hon. Joe Burns, practicing attorneys in Tuscaloosa County, Alabama. Thereupon, petitioner requested the Honorable W. C. Warren, Judge, to allow him to withdraw and dismiss his petition for error coram nobis, which request was granted and the petition dismissed, with his then attorney's consent. Judge Warren entered the following judgment or order:

"January 28, 1963. At the request of plaintiff with consent of his attorney, the plaintiff's petition is dismissed. The plaintiff states in open court that he was honest in stating in his petition that he was not represented by counsel in his original trial, but since he has been back in Tuscaloosa for this hearing he has been reminded that he had two attorneys who represented him, Judge Joe Burns, who is now City Recorder of Tuscaloosa, Seaborn Mosley. Plaintiff further says he now remembers they did represent him at the time of his trial, and he wishes the petition dismissed. Judge Joe Burns testified that he did represent the defendant at the time of his trial. No other evidence was offered and plaintiff's petition is granted. The petition is dismissed. W. C. Warren, Judge."

On April 22, 1963, Jack Wilson filed in this Court a petition for writ of certiorari to the Circuit Court of Tuscaloosa County, Alabama, for the purpose of reviewing the judgment or order of January 28, 1963.

The petition is denied on the authority of Ex parte Ralph Keene, ante, p. 197, 153 So. 2d 631, and cases therein cited.

On May 20, 1963, Jack Wilson filed in this Court what he terms an appeal from the judgment rendered on his petition for writ of error coram nobis in the Tuscaloosa Circuit Court. It also contains a prayer for writ of habeas corpus and a prayer to be allowed to proceed in "forma pauperis."

This instrument, or document, is highly confusing. It contains statements that petitioner was either not represented by counsel on his original trials, or that if he were represented by counsel, their representation was wholly inadequate.

Treating this document as an appeal from the judgment or order rendered in the coram nobis proceedings in Tuscaloosa Circuit Court, it shows on its face that the judgment or order was entered at petitioner's request with the consent of his then counsel.

A party can take nothing by appeal from a judgment or order rendered at his request. Taylor v. Shoemaker, 34 Ala.App.

168, 38 So.2d 895, cert. den. 251 Ala. 601, 38 So.2d 900. As was said by Brickell, C. J., in McNeil v. State of Alabama; Skinner v. State of Alabama, 71 Ala. 71:

"* * * Consent removes or obviates mistakes or errors in the course of judicial proceedings. *Consensus tollit errorem,* is a conservative maxim of general application. * * *"

If there be error in the judgment or order, the Circuit Court was led into it by the request of petitioner and with the consent of his counsel. See also M. L. Blumenfeld & Co. v. Hamrick, 18 Ala.App. 317, 91 So. 914, and Gunter v. Hinson, 161 Ala. 536, 50 So. 86.

■ If this instrument is to be considered as an original petition for habeas corpus filed in this Court, it is denied on the authority of Ex parte Joseph L. Taylor, ante, p. 346, 155 So.2d 299; Ex parte Ward Raymond Lee, ante, p. 343, 155 So.2d 296; Ex parte Smith, ante, p. 344, 155 So.2d 297; Ex parte John E. Burton, ante, p. 345, 155 So.2d 298, and cases therein cited.

The judgment is affirmed and petition for writ of habeas corpus is denied.

LAWSON, GOODWYN and COLEMAN, JJ., concur.