172 So.2d 35

**Reuben F. McKINLEY**

v.

**Lois Elizabeth McKINLEY.**

1 Div. 252.

Supreme Court of Alabama.

Feb. 18, 1965.

Reuben F. McKinley, appellant pro se.

Douglas Webb, Atmore, for appellee.

LAWSON, Justice.

This is an effort on the part of the father, Reuben F. McKinley, to have us review certain orders or decrees affecting the custody of his three minor daughters. The case comes here on the record alone. Reuben F. McKinley and his wife, Lois Elizabeth McKinley, were divorced sometime prior to August 31, 1962. We are not advised by the record presently before us as to the ground for divorce or as to the custody provisions of the divorce decree, if any.

The first entry in the record is an order or decree under date of August 31, 1962, which was entered on September 4, 1962, wherein the custody of the girls was awarded to Reuben F. McKinley subject to the further orders of the court. The mother, Lois Elizabeth McKinley, was given visitation rights subject to the direction, control and supervision of the Department of Pensions and Security of Baldwin County.

The next entry in the record is an order or decree under date of May 12, 1964, which was entered on July 15, 1964, whereby the mother was given the right to have the girls visit with her and her family for a period of two weeks beginning May 15, 1964.

The next entry in the record is an order or decree under date of July 8, 1964, which was entered on July 10, 1964, wherein it was provided that the girls should "visit with and in the home of their mother, Mrs. Lois A. Morris, R#4, Atmore, Alabama, for the period of July 15, 1964, to August 15, 1964." Apparently the mother, Lois Elizabeth McKinley, had married one Morris sometime between May 8, 1964, and July 8, 1964.

The record next shows that on July 22, 1964, Reuben F. McKinley filed a petition directed to the special judge who had been handling these matters, wherein he asked that the court have a full and complete investigation made of the home of his former wife in view of the order or decree of July 8, 1964. Petitioner assigned ten grounds, all of which are to the effect that the home of Lois Elizabeth McKinley Morris is unfit for the children to visit. Petitioner goes into considerable detail in the grounds assigned in support of his motion, which detail he said was based on information, and which it was impossible for him "to know of his own knowledge." Petitioner asked that the investigation be made "by other than the Baldwin or Escambia County Departments of Pensions and Security, who are prejudiced against your petitioner because of my zeal for my children * * *" He asked that the court, "will base your investigation on the sworn

evidence of the unfitness of said home you heard on the trial of said cause, as well as on the information herein."

The next entry in the record is an order under date of July 23, 1964 entered on July 24, 1964, by the special judge, setting a hearing "for Wednesday, August 12, 1964, at 10:00 A.M. in the Circuit Court room, at Bay Minette, Baldwin County, Alabama, on all matters relating to the custody, care, and maintenance of the three minor children involved in this case, viz: * * * and the homes now provided by both the Complainant and the Respondent for said children and all other matters relating thereto." That order further provided that all witnesses who have any material evidence to give in this case should be summoned and be available for the hearing and that the minor children be made available to the Court for examination.

The record next shows that on July 24, 1964, Reuben F. McKinley filed a motion to set aside the decree dated July 23, 1964, ordering a hearing for change of custody in said cause on the ground that the court was without authority to conduct such a hearing in the absence of an application therefor and that no such application had been made in that his motion of July 22, 1964, was simply a request that the court conduct an investigation of the home of his former wife, Lois O. Morris, and "to see to it that the welfare of said minor children was protected, when in the home of their mother."

The next entry in the record is a "Plea in Abatement" filed by McKinley on July 28, 1964, wherein it is averred, among other things:

"This hearing is the fifth litigation between the same parties and for the same subject matter, and the law of Alabama provides that there shall be an end to vexations, Harassing and Endless litigation concerning the custody of children and that the policy of the courts be and is, that the parties shall not continuously have to suffer over and over, a repetition of litigation concerning children."

McKinley is a lawyer and apparently he filed on his own behalf the motions to which we have referred.

The record next shows a decree under date of August 12, 1964, entered on August 24, 1964, the first two paragraphs of which read as follows:

"DECREE

"This being the day regularly set in the Circuit Court of Baldwin County, Alabama, in Equity to hear all matters relating to the care, custody and control of the three minor children of the parties hereto, viz: * * * and the homes now being provided by both the Complainant and Respondent for said children and other matters relating thereto.

"And the Court having talked privately with said children, separately in chambers; with Mrs. Stanton, the sister of the Complainant, and with Mr. Morris the husband of the Respondent, and with the Complainant and the Respondent, with their respective Solicitors of record being present, and upon agreement of the parties and their respective Solicitors, the Court is of the opinion that the decree of the 31st day of August 1952[sic], pertaining to the care, custody and control of said minor children above named should be amended, it being made known to the court that since the rendition of said decree that the Respondent has remarried * * *"

The decree then modifies the decree of August 31, 1962, by providing that the mother, Lois Elizabeth McKinley Morris, is to have the custody of the minor children from the date of the decree until Sunday, August 23, 1964; that the father, Reuben F. McKinley, is to have custody of the said children from Sunday, August 23, 1964, until the last day of the school year 1964-65,

except at certain specified periods of time when the children are to visit their mother; that the mother is to have the custody of the children from the day school is out until the day before school begins in the Fall of 1965, except for certain periods of time during that summer vacation when the children are to visit their father. The decree further provides that when the time arrives for change of custody or visitation, the party then having the children shall return them to the other party. Aside from the specified visitation periods, the decree provides for reasonable visitation on the part of both the mother and father when the children are in the other's custody. Costs were taxed equally between the father and the mother.

On the same day that the decree last referred to above was entered, the father, Reuben F. McKinley, filed the following instrument:

"REPUDIATION OF AGREEMENT

"Now comes the Complainant in the above styled cause and hereby repudiates and nullifies any agreement heretofore made for him in said cause, and in his name by his Solicitor, Harry Wilters and lets it be known by this instrument that he has not agreed and never will agree to the terms and conditions imposed by that certain decree dated August 12, 1964, changing custody of the minor children of the above named parties, without a change of circumstances justifying it, without a hearing, thereby denying to your Complainant Due Process of Law, without any papers being served on him, or any notice whatsoever of a proceeding for change of custody, except an arbitrary hearing set ex meru mote [sic] by Judge Emmett Hildreth of Eutaw, Alabama, and then not held, after your Complainant subpoenaed several witnesses and had them present in court to prove his cause, thus abusing the discretion vested in Judge Hildreth as Chancellor and working oppression

and injustice upon your Complainant, and said minor children. Your Complainant hereby swears that at said alleged hearing, that he was subjected to threats, duress and intimidation, to force him to agree to this alleged decree, but that contrary to the allegations in said decree, did not agree not to appeal from said decree, or to abide thereby."

On August 24, 1964, security for costs of appeal was filed and approved. On August 28, 1964, citation of appeal was served on counsel for Lois Elizabeth McKinley Morris.

■ The appellant, Reuben F. McKinley, has made forty-three so-called assignments of error. Most of them do not refer to any ruling of the court and, hence, will be disregarded. Iverson v. Phillips, 268 Ala. 430, 108 So.2d 168, and cases cited.

Typical of the assignments of error which must be disregarded are the following:

"5. The court erred in denying to your Complainant Due Process Of Law throughout this latest litigation in said case.

"13. The court erred in not following or observing any of the rules of procedure set up for the guidance of courts and litigants, in their procedure in the courts.

"21. The court erred in doing your Complainant and his minor children an oppression and injustice, by its actions in this matter.

"28. The court erred in trying with duress, threats and intimidation to force the Complainant to agree to abide by the decree.

"33. The court erred in encouraging litigation and trouble between the parties.

"34. The court erred in 'throwing its weight around as if it was God and

could dictate the behavior of men and angels throughout the whole universe.'

"35. The court erred in acting on biased and unlawful information, if it had any information at all.

"36. The court erred in assuming more power and discretion than it possesses.

"37. The court erred in not recognizing and enforcing the rights of said children and parties, under a government of laws and not of men.

"38. The court erred in being the tool of politicians, trying to destroy the influence of your Complainant, just before each general election, by striking at him through his children. The record will bear out Complainant's contention that this harassment continues through the campaigning period, before each general election."

■ One of the assignments of error challenges the orders or decrees of May 12, 1964, and July 8, 1964. Aside from the question as to whether those orders or decrees are appealable and the further question as to whether an appeal was effectively perfected if the decrees are appealable, there is no merit in the assignment of error. Those decrees did not have the effect of changing the custody provisions of the decree of August 31, 1962. They merely implemented the provisions of the decree of August 31, 1962, which gave to the mother reasonable rights and privileges of visitation with her children under the direction, control and supervision of the Department of Pensions and Security of Baldwin County. Both of the questioned decrees provided for such supervision. Apparently the trial court found it necessary to render the decrees of May 12, 1964, and July 8, 1964, in order to assure the mother of the visitation rights awarded her in the decree of August 31, 1962.

The opening paragraph of appellant's brief reads:

"This appeal is a continuation of the facts outlined in the appeal in the Supreme Court, (McKinley Vs McKinley), dismissed on my motion September 10, 1962. I hereby incorporate the brief filed in said cause and the transcript furnished the Supreme Court at that time, as part of this appeal and if possible, ask for a reinstatement of the issues incorporated into that appeal, which I dismissed September 10, 1962, after Judge Emmett Hildreth of Eutaw, Alabama granted me permanent custody of the minor children of the parties, or a continuation of that custody, which I had had since 1957, with the exception of a few months when they were unlawfully placed in a foster home. I considered that the welfare and best interests of the children would be better served at home, regardless of the undeserved charge of Cruelty against me. Now that this has come up, I ask that the whole matter, including the issues on the former appeal be reviewed, and a decision handed down in the whole matter."

■ We are not going to treat, at this late date, a cause which was dismissed on appellant's own motion on September 10, 1962. The decree involved on that appeal was rendered on June 16, 1962. An absolute divorce was awarded the wife on the ground of cruelty. The custody of the children was awarded temporarily to the Department of Pensions and Security of Baldwin County with reasonable rights of visitation being extended to both parents.

■ In appellant's brief are several statements which are not supported by the record. We see no occasion to make specific mention of those statements, because the rule is well settled that we cannot consider statements in briefs not supported by the record. Logan v. O'Barr, 271 Ala. 94, 122 So.2d 376, and cases cited.

■ The decree of August 12, 1964, which modifies the decree of August 31,

1962, is appealable. Scott v. Scott, 265 Ala. 208, 90 So.2d 813, and cases cited.

But the decree of August 12, 1964, shows on its face that the custody provisions incorporated therein were made with the consent of the parties, including the appellant and his then attorney. It is settled that a recital in a judgment or decree rendered by a court of competent jurisdiction that the parties interested and *sui juris* consented or agreed to its rendition is, in the absence of vitiating fraud in the premises, conclusive of the fact recited and imports absolute verity. Gunter v. Hinson, 161 Ala. 536, 50 So. 86. See First Nat. Bank of Mobile v. Burch, 237 Ala. 680, 188 So. 859; Gossett v. Pratt, 250 Ala. 300, 34 So.2d 145.

A party can take nothing by appeal from a judgment, order or decree rendered at his request. Ex parte Wilson, 275 Ala. 403, 155 So.2d 507.

The "Repudiation of Agreement" which has been included in the record does not change the effect of the decree. If the consent decree was obtained by threats, duress and intimidation, as alleged in the "Repudiation of Agreement," then a proceeding to set aside the decree on the ground that it was so obtained should have been instituted. No such proceeding has been initiated insofar as this record discloses. In fact, there is nothing to indicate that the "Repudiation of Agreement" was ever called to the attention of the trial court. It is simply inserted in the record, having been filed in the cause obviously after the consent decree was rendered.

Appellant repeatedly says in his brief that the trial court acted on his own initiative in modifying the decree of August 31, 1962. We do not so interpret the record. Appellant, by the allegations of his petition filed July 22, 1964, almost made it incumbent upon the trial judge to order a hearing for reconsideration of the custody provisions of the decree of August 31, 1962. Such a hearing should not have been limited to an investigation of the charges directed by appellant against his former wife, but properly included all changed circumstances which would affect the interests of the minor children, for there can be no res judicata as to the best interests of infants in proceedings relating to their custody.

Certainly there is nothing in this record which would authorize this court to hold that the decree of August 12, 1964, was not in the best interests of the children.

The decree is affirmed.

Affirmed.

GOODWYN, COLEMAN and HARWOOD, JJ., concur.