BRADLEY, Judge.
This is an appeal from a final order of divorce entered in the Circuit Court of Bibb County.
The evidence reveals that the parties were originally married on August 12,1967 and were divorced by final judgment on February 23, 1978. Shortly after the rendition of this divorce decree, the parties resumed a personal relationship and cohabited for a period of time, approximately two years and five months according to the wife’s testimony, until the husband moved in with another woman. However, the parties continued the joint operation of the Moreland Timber Company business throughout their entire separation until the wife filed for divorce in July 1984.
In her complaint the wife requested a pendente lite hearing, which was held on July 12, 1984 before the register and clerk of the Circuit Court of Bibb County. Subsequently, the husband’s noncompliance with the register’s report resulted in a civil contempt citation on August 24, 1984. The husband immediately challenged the citation by petitioning this court for a writ of certiorari. We granted the writ and held that the trial court erred by holding the husband in contempt because there was never a valid order mandating that the husband pay any pendente lite alimony. Ex parte Moreland, 465 So.2d 1163 (Ala.Civ.App.1985). On December 18,1984, during the pendency of the review of the contempt citation, the trial court entered a final decree dissolving the marriage between the parties, dividing the parties’ property, and making certain other awards to the wife. The husband appeals.
The husband’s first contention is that the trial court erred in awarding the wife $20,000 as alimony in gross. As to this aspect of the case, the trial court heard testimony regarding the assets, expenditures, savings, and personal relationships of the parties. A large portion of this testimony was in dispute and, of course, it was the duty of the trial court to resolve these disputes. After a careful review of the record we cannot say that there is not sufficient evidence to support the trial court’s award of $20,000 as alimony in gross.
Alabama law is well settled that the trial court has wide discretion in awarding alimony in gross and the award must depend on the facts in each case, as there is no mathematical formula for determining an appropriate award. Makar v. Makar, 398 So.2d 717 (Ala.Civ.App.1981). Furthermore, as long as such awards are not arbitrary so as to constitute a plain and palpable abuse of discretion, the decision of the trial court will not be disturbed on appeal. Kyser v. Kyser, 456 So.2d 816 (Ala.Civ.App.1984). With these presumptions in mind, we affirm the decision of the trial court awarding the wife $20,000 as alimony in gross.
The husband’s next contention is that the trial court erred in awarding the wife $9,200 in the divorce decree, which is the amount that had accrued as a result of the register’s order. He contends that such an award is erroneous in light of the previous determination by this court that no order for pendente lite support existed. The wife counters this argument by saying that the award was not an attempt to enforce an order, but was an affirmation of an agreement between the parties.
As noted above, there was never an order of the court confirming the register’s report; therefore the husband could not be required to pay the amount recommended by the register. However, the court’s decree of December 18, 1984 provided that the sum of $9,200 was being awarded to the wife because of “the agreement reached between the parties at the time of the Pendente Lite Hearing.” The court’s decree contained no language suggesting that the court was attempting to confirm the register’s report. .
Although the record does not contain the transcript of the proceedings before the register, in view of the recitals in the court’s decree we must presume that such an agreement was made by the parties to this proceeding.
*66 “It is settled that a recital in a judgment or decree rendered by a court of competent jurisdiction that the parties interested and sui juris consented or agreed to its rendition is, in the absence of vitiating fraud in the premises, conclusive of the fact recited and imports absolute verity.”
McKinley v. McKinley, 277 Ala. 471, 172 So.2d 35 (1965) (citations omitted).
The decree not only reflects that such an agreement was made by the parties, but it also shows that the trial court found that the amount agreed upon to be paid to the wife was reasonable and was due to be paid. Moreover, there was no contention that fraud was involved in the making of the agreement.
In the absence of evidence to the contrary, we cannot say that the trial court’s approval of the parties’ agreement is erroneous.
The husband’s final contention is that the trial court erred in awarding $2,500 in attorney’s fees to the wife. He argues that the parties had entered into an agreement to pay the wife’s attorney $2,000 should the court award an attorney’s fee. The trial court stated in the decree that the parties had stipulated that $2,500 would be a reasonable attorney’s fee should one be awarded. It then found such an attorney’s fee to be reasonable and made the award. Recitals in the decree that the parties had agreed to a $2,500 attorney’s fee, absent fraud, is conclusive of the fact recited. McKinley v. McKinley, supra.
The court not only accepted the amount of the attorney’s fee agreed to by the parties, but also found such amount to be reasonable in view of the facts of the case.
The allowance of an attorney’s fee is a matter within the sound discretion of the trial court and the exercise of such discretion by the court will not be disturbed on appeal absent an abuse of that discretion. Lochridge v. Lochridge, 448 So.2d 378 (Ala.Civ.App.1984).
In deciding the value of the legal services performed in a divorce case, the trial court not only may consider — although it is not limited to these factors — the earning capacity and financial circumstances of the husband, but also may rely on its own knowledge and experience in ascertaining the value of such services in divorce cases. Lochridge v. Lochridge, supra. We find no abuse of discretion in the amount of the attorney’s fee awarded to the wife.
The wife is awarded $400 as an attorney’s fee on appeal.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.