MOORE, Judge.
 

 Marilyn B. Lee, a registered nurse, appeals from a judgment entered by the Montgomery Circuit Court dismissing her petition to set aside an Alabama Board of Nursing consent order reprimanding her for practicing in Alabama without a state nursing license. We affirm.
 

 Facts
 

 On April 10, 2008, Lee filed a “Petition for Writ of Certiorari, Mandamus, Prohibition or Other Appropriate Remedy” in the Montgomery Circuit Court (“the trial court”). Lee attached to her petition numerous exhibits. Referencing those exhibits, Lee averred that, on September 8, 2006, she accepted employment at the Uni
 
 *606
 
 versity of North Alabama (“UNA”) as an Associate Professor of Nursing. On January 24, 2007, the Alabama Board of Nursing (“the Board”) served Lee with notice that a complaint had been filed against her, but the notice did not specify the nature of that complaint. On March 15, 2007, the Board informed Lee that it had scheduled a meeting with her for April 3, 2007, to discuss the complaint, again without specifying the nature of the complaint. Lee attended the meeting, at which counsel for the Board gave Lee the option of (1) signing a prepared consent order agreeing to a public reprimand and a $600 fine for failing to acquire a state nursing license before undertaking her professorship or (2) contesting the complaint at a hearing scheduled for May 10, 2007. Because she planned to be out of the country on May 10, 2007, Lee signed the consent order “with the understanding that she would subsequently be allowed to present to [the Board] a letter defending her actions.” Nevertheless, by signing the consent order, Lee agreed to waive her right to appeal. On April 10, 2007, Lee submitted a letter explaining why she had not acquired a state nursing license before commencing her job duties at UNA. On May 11, 2007, the Board approved the consent order, which, pursuant to Paragraph 6 of the document, rendered the order final. On June 26, 2007, Lee paid the $600 fine “under protest.” In her petition, Lee alleged that the consent order had been entered in violation of her due-process rights as set out in § 41-22-12(b), Ala.Code 1975.
 
 [1]
 
 Lee requested, among other things, that the trial court take jurisdiction of the matter and issue a writ of certiorari setting aside the public reprimand and fine.
 

 On May 19, 2008, the Board filed a motion to dismiss. In that motion, the Board argued that the trial court could not grant the relief Lee requested for various reasons, including that Lee was attempting to use her petition as a substitute for an untimely appeal. After considering Lee’s opposition to the motion and conducting a hearing on the matter, the trial court dismissed the petition without specifying the grounds for its decision. Lee timely appealed to this court from the judgment dismissing her petition.
 

 On appeal, as she did in the trial court, Lee argues that the trial court had the power, through the common-law writ of certiorari, to vacate the consent order.
 
 [2]
 
 However, a common-law writ of certiorari is not available when the petitioner has a right to appeal.
 
 State Pers. Bd. v. State Dep’t of Mental Health & Mental Retardation,
 
 694 So.2d 1367, 1371 (Ala.Civ.App.1996). A nurse subjected to discipline by the Board ordinarily may appeal a final disciplinary order to the Montgomery Circuit Court within 30 days of the entry of the order.
 
 See
 
 § 41-22-20, Ala.Code 1975.
 

 In this case, by its own terms, the consent order became final once approved by the Board on May 11, 2007. However, Lee could not appeal that order because
 
 *607
 
 she had expressly waived her right to appeal as part of the conditions of the consent order.
 
 See Sayre v. Dickerson,
 
 278 Ala. 477, 179 So.2d 57 (1965) (cataloguing cases in which the court had previously held that no appeal lies from a consent decree because a party cannot complain of an action that was done with the party’s consent). By agreeing to the consent order, Lee also waived any objection she had to any preceding irregularities,
 
 Sayre,
 
 278 Ala. at 483, 179 So.2d at 62 (citing
 
 Gunter v. Hinson,
 
 161 Ala. 536, 50 So. 86 (1909)), including any objection that the consent order was reached in contravention of her due-process rights to notice and an opportunity to be heard.
 
 See
 
 § 41-22-20(k)(l) & (4) (granting reviewing court authority to set aside final agency determination “[i]n violation of constitutional or statutory provisions” and “[mjade upon unlawful procedure”). Lee cannot circumvent her waiver of the right to appeal and her waiver of the right to object to the procedure leading up to the entry of the consent order by filing a petition for a writ of certiorari because a petition for the common-law writ of certiorari may not be used as a substitute for appeal.
 
 See Ex parte Capps,
 
 396 So.2d 70, 71 (Ala.1981).
 

 A trial court must dismiss a petition that seeks relief the court cannot grant.
 
 See, e.g., Klein v. State Bd. of Educ.,
 
 547 So.2d 549, 553 (Ala.Civ.App.1988), writ quashed,
 
 Ex parte Klein,
 
 547 So.2d 554 (Ala.1989) (affirming dismissal of declaratory-judgment action because such an action was not the appropriate vehicle for reviewing an agency decision or for seeking to rescind an agency action). Based on our determination that Lee had the right to contest her reprimand and fine, that she waived that right, including the right to appeal, and that she attempted to use the improper vehicle of a petition for the common-law writ of certiorari as a substitute for an appeal, we conclude that the trial court properly dismissed her petition.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Section 41-22-12(b) requires that, in a contested case, an administrative agency must provide notice of the time, place, and nature of the hearing, a statement of the legal authority and jurisdiction under which the hearing is to be held, a reference to the particular sections of the statutes and rules involved, and a short and plain statement of the matters asserted.
 

 [2]
 

 . Although Lee styled her petition as one- alternatively seeking relief via a writ of mandamus, a writ of prohibition, or other appropriate means, she has argued throughout these proceedings only for certiorari relief. Therefore, we consider Lee to have waived any reliance on any other theory.
 
 See Lloyd Noland Hosp. v. Durham,
 
 906 So.2d 157, 164 (Ala.2005).