WRIGHT, Presiding Judge.
The parties were divorced in 1975. The decree of divorce incorporated a written agreement of the parties providing for division of property, custody of a child, support and alimony. In 1977 the wife filed a motion to show cause why the husband should not be held in contempt for failure to pay alimony and child support in accordance with the agreement and decree.
The husband answered alleging that he had complied with the provisions of the decree. He further petitioned for modification of the decree as to visitation rights and a construction of the provision of the agreement as to alimony.
The matter thereafter was inactive until a motion for hearing was filed by counsel for the wife in July 1978. On August 21, 1978, the court ordered pretrial briefs, as to the construction of the agreement provisions relating to alimony. Oral hearing was held and judgment entered on December 19, 1978. The court found defendant husband in contempt for failing to make alimony payments in the total sum of $2,600. Defendant was ordered to continue paying monthly alimony of $100 and to pay an additional $100 per month on the $2,600 past due. The judgment also specifically directed minimum visitation rights of the defendant. There was an amendment to the judgment after motion for new trial which is not material to the issue presented by the appeal.
The issue stated by defendant on appeal is that the court abused its discretion in finding defendant liable for payment of alimony under an agreement which by its *359 terms was contrary to law and public policy. If the issue is in fact as stated, defendant complains too late. The agreement complained of was not only signed by the parties and complied with for several months thereafter, but it was incorporated into the judgment of the court at the request of the parties. If these acts are not sufficient to estop defendant from complaining as to its validity and binding effect, then he is legally barred from charging it invalid because the agreement merged into and became part of a judgment in 1975 by which he is bound for failure to file a timely appeal.
In spite of defendant’s statement of the issue, the real issue, from the first hearing in the trial court, has been the proper construction of paragraphs 6 and 7 of the agreement as incorporated in the judgment of divorce. As we have shown, the validity of the agreement may not be challenged.
Paragraphs 6 and 7 are as follows:
“6. Husband agrees to pay Wife alimony in the exact amount of the mortgage payment that is due monthly to the Mortgagee on the residence heretofore described and deeded to Wife. Said mortgage payment is presently in the amount of $153.00 per month due and payable to the Engel Mortgage Company, until Wife returns to work, then said sum shall be reduced to $100.00 per month payable until she remarries or dies, at which time said obligation shall immediately cease. Should Wife sell the residence described hereinabove, then Husband will pay $153.00 per month to the Honorable Robert Donan, Deputy Register of the Circuit Court of Montgomery County, Alabama, until such time as said obligation shall cease to exist. Of course, said $153.00 will be reduced upon the employment of the Wife to $100.00 per month as provided above.
“7. The Husband agrees that payment will be made directly to the Engel Mortgage Company until such time as Wife shall sell the residence described herein or until such time as the obligation for payment of alimony shall cease to exist. When the house is sold then the payment shall be made as set out in Paragraph 6 above.”
The trial court determined that the agreement provided for payment of periodic alimony by defendant. In the beginning the amount was the same as the amount of the mortgage payment on the home. By the provisions of Paragraph 7, payment was to be made by defendant directly to the mortgage company until the house was sold or the wife died or remarried. After sale of the house, the payment was to be made to the register in the amount of the mortgage payment until the wife went to work. Thereafter, the amount was reduced to $100 per month to be paid until the wife’s death or remarriage.
We find the construction of the trial court to be clearly correct and find the contention of the defendant that the agreement contains no determinable meaning to be clearly erroneous. From the opening sentence of paragraph 6, it is evident, even declared, that the payments were alimony to be paid from the future earnings of the husband and for the purpose of providing aid in the current and future support of the wife. Such an award can only be classified as periodic alimony subject to modification as conditions and circumstances change with provision for cessation upon the death or remarriage of the wife. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974); Epps v. Epps, 218 Ala. 667, 120 So. 150 (1929).
Plaintiff in brief complains of error of the trial court in the award of attorney fees. Such complaint is not reviewable. There has been no cross appeal nor was the issue presented for consideration of the trial court by post trial motion. ARAP 4(a)(2), (3). W. B. Headley v. Housing Authority of Prattville, 347 So.2d 532 (Ala.Civ.App.1977).
The request of plaintiff for an award of attorney fees on appeal is granted in the sum of $400. § 30-2-54, Code of Alabama (1975).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.