WRIGHT, Presiding Judge.
The parties were divorced in 1977. The divorce decree incorporated an agreement of the parties providing for division of property, child custody, support and alimony.
In 1979 the wife filed a petition in the trial court seeking an interpretation of certain provisions of the agreement. Those provisions as pertinent read as follows:
5. F. Husband is entitled to receive a credit from the proceeds of sale of said premises for any amounts expended by him for said repairs, redecoration or assessments provided for hereunder. Said amounts shall be reimbursed to husband from the proceeds of sale, prior to an equal division of the remainder of the net proceeds between the parties.
G. Wife will make the mortgage payments due in the month of November, 1977. The wife has custody of two joint savings accounts of the parties. Wife will use the proceeds of said accounts to pay the entire mortgage balance due on said premises. The balance of the proceeds of said joint accounts shall be the sole property of wife. Wife shall not be obligated to make such payment prior to December 7, 1977. (R.19)
7. Each party is vested with the sole right, title and interest in and to all savings accounts, checking accounts, stocks, bonds, and other personal property standing in the name of that respective party, except for the joint savings accounts,, which are the sole property of wife. (R.20)
The court determined that under the terms of the agreement the wife was to withdraw a sum necessary to satisfy the unpaid mortgage on the residence from the joint savings accounts which were in her custody and satisfy the mortgage. All remaining funds in the accounts became the property of the wife. By the provisions of paragraph 5(F) the net proceeds of the sale of the residence were to be divided equally between the parties.
We find the construction of the court to be correct. The wife’s contention that these provisions are contrary to law and invalid comes too late. The agreement merged into and became part of a judgment in 1977 by which she is bound for failure to file a timely appeal. Johnston v. Johnston, 374 So.2d 357 (Ala.Civ.App.1979). She cannot charge the trial court with an erroneous judgment when it merely incorporated therein her own agreement. McKinley v. McKinley, 277 Ala. 471, 172 So.2d 35 (1965).
*90 The husband’s request for attorney’s fee on appeal is denied. We also deny his request for sanction under Rule 38, ARAP.
The order of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.