This is a divorce case. *Page 1324 
The parties were divorced on September 23, 1977. The decree awarded custody of the parties' two children, John Marion Allen and Andrea Michelle Allen, to the mother and granted visitation rights to the husband. The trial court granted the husband's motion for new trial on the issue of visitation rights. After a hearing, the trial court issued an order granting additional visitation rights to the father.
This order included the following provision:
 2. That the above visitation provisions of Paragraph "A. 1. (a) through (d)" shall be subject to the following limitations: (a) That the Defendant shall not operate a motor vehicle while the same is occupied by John Marion Allen. (R.6)
On April 24, 1979, the husband filed a petition to modify which, among other requests for relief, asked that the court remove the limitation set out above. The trial court denied the petition and the husband appeals.
The husband's stated issues on appeal attack the propriety of the limitation in the original decree. That decree was not appealed. The issues raised by the husband concerning the provision in that decree are not properly before us. Rule 4 (a)(1), ARAP; Johnston v. Johnston, 374 So.2d 357 (Ala.Civ.App. 1979).
The issue presented by this appeal is whether the trial court erred in refusing to modify the provision because of changed circumstances.
The evidence shows that the husband has a history of periodic seizures. The seizures cause the husband to lose muscle control and occasionally lose consciousness.
At the hearing on his petition to modify, the husband testified that he has not had a seizure since his divorce and that he is presently taking medication prescribed by his physician to control the disorder.
His physician testified that while the condition itself is permanent; in his opinion, it has been controlled by the medication and should remain under control if the medication is continued.
This apparent control of the seizures is the change in circumstances relied upon by the husband.
As in all cases heard ore tenus, our review of the trial court's order is controlled by the principle that the court will not substitute its judgment for that of the trial court and will reverse only where the evidence shows it to have been plainly and palpably wrong and unjust. Smith v. Smith,334 So.2d 915 (Ala.Civ.App. 1976).
The trial court is accorded broad discretion in its judgment concerning visitation rights for the noncustodial parent. Hayesv. Hayes, 337 So.2d 770 (Ala.Civ.App. 1976). In exercising that discretion the primary consideration of the trial court must be the best interest and welfare of the child. Green v. Green,47 Ala. App. 171, 252 So.2d 97 (1971).
We have carefully reviewed the record in this case. We cannot say that the evidence shows the trial court's order to be plainly and palpably wrong and unjust or that it is not in the best interest of the children. The order is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.