This is a divorce case.
The trial court divorced the parties, awarded custody of the children to the wife, required the husband to pay child support, divided the personal property, and made a specific award regarding the home.
The husband appeals, contending the trial court erred in its division of the real property. We find no such abuse of discretion as to require reversal and affirm.
We do not deem it necessary to set out in detail the facts. Viewing the record with the attendant presumptions accorded the trial court's decree, the record reveals the following pertinent facts:
The parties were married for approximately ten years. The husband's adultery apparently caused the final "breakdown" of the marriage. They have two minor children. The wife is a school teacher earning approximately $12,000 per year. The husband is an engineer, having graduated from Auburn University. He earns approximately $26,500 per year. The parties during the marriage accumulated certain personal property, including automobiles, boats, stocks, and bank accounts. *Page 1075 
In addition to the above, the parties acquired a homeplace on Fish River. This homeplace was originally purchased by the father of the husband. The homeplace was subsequently deeded (in 1976) to the husband and wife by the husband's parents. The husband and wife assumed the existing mortgage on the home. This mortgage at the time of conveyance to the husband and wife was approximately $7,000. At the time of the divorce the mortgage was approximately $1,500.
The appraiser who testified on behalf of the wife placed the value of the home at over $128,000. The "husband's appraiser" valued the home at approximately $95,000.
The trial court entered the following order regarding the homeplace:
 6. Elouise Blackard Moore shall be entitled to live in the home of the parties hereto until she has found a new home of $50,000.00 in value. She shall be given not more than six months from the date of this Decree in which to find said home and the said Richard Lee Moore shall either pay FIFTY THOUSAND and 00/100 ($50,000.00) DOLLARS toward the purchase and acquisition of said home or be responsible for the payment of a mortgage in an amount not to exceed FIFTY THOUSAND and 00/100 ($50,000.00) DOLLARS for the purchase of said home. The wife shall have a lien on the property where the home of the parties is currently located as security for the husband paying the aforementioned sums.
 7. The Court shall retain jurisdiction for the enforcement and modification of the method of effecting the provisions concerning the real property as well as the division of the personal property.
As indicated above, the husband's only contention is that the trial court abused its discretion regarding the award concerning the homeplace.
Specifically, the husband, through able counsel, contends that the trial court did not give proper consideration to the fact that the home was acquired by virtual gift from the husband's parents. The husband argues that the only way in which the husband can pay the wife $50,000, as indicated above, is to sell the homeplace and this is "unjust." We are not so persuaded.
It is apparent that the trial court attempted to equally divide the real property. The husband may or may not have to sell the homeplace. That would appear to be his option.
In any event, the well established rule on appeal from a decree of the trial court rendered upon an ore tenus hearing is that such a decree is presumed correct and will be set aside only if it is unsupported by any credible evidence and is plainly wrong. Goodman v. Goodman, Ala.Civ.App., 366 So.2d 281
(1979). Division of property is within the sound discretion of the trial court and each case must stand on its own facts.Segars v. Segars, Ala.Civ.App., 334 So.2d 684 (1976). It is not even necessary that the property be equally divided. Helms v.Helms, 50 Ala. App. 453, 280 So.2d 159 (1973).
Furthermore, the factors to be considered in making a division of property are well established and require no restating. See, Goodwin v. Goodwin, Ala.Civ.App., 364 So.2d 678
(1978). In this instance, with particular emphasis on the fact that the wife has custody of the children and that the husband apparently caused the final breakdown of the marriage, it is clear the trial court did not abuse its discretion in attempting to provide the wife with a suitable home. In fact, to this court the trial court's decree as it relates to child custody, child support, division of property, both personal and real, is fair and equitable to both parties.
The wife has requested an attorney's fee be awarded for representation on appeal. A fee of $500 is awarded.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1076