The wife appeals from the trial court's judgment modifying a divorce decree. We affirm.
This case has been before this court on two previous occasions (Cooper v. Cooper, *Page 100 331 So.2d 689 (Ala.Civ.App. 1976) and Cooper v. Cooper,382 So.2d 569 (Ala.Civ.App. 1980)). After the first appeal the trial court divorced the parties, the decree awarding periodic alimony to the wife in the amount of $200 per month for five years. On the second appeal, we reversed and directed $1,000 per month alimony to the wife.
Our judgment directing $1,000 per month was rendered on March 26, 1980. The trial court entered an order in accordance therewith on April 17, 1980. The husband filed petition to modify the decree on April 18, 1980, alleging that changed circumstances prevented him from paying the alimony award. On April 25, 1980, the wife filed motions to dismiss the modification petition and to hold the husband in contempt. The basis for these motions was the husband's failure to pay the $1,000 alimony payment due on April 15, 1980, as ordered by this court and $2,000 in attorney's fees. The motion for contempt was amended to include the husband's failure to pay the $1,000 alimony payments due for May, June and July, 1980,i.e., the period between the second appeal and the trial date on the petition for modification.
The trial court heard evidence on the contempt matter and petition for modification on July 22, 1980. On August 1, 1980, the trial court issued an order denying both the wife's motion to dismiss the modification petition and the contempt citation. It granted the husband's petition for modification lowering alimony payments from $1,000 to $350 per month, effective May 15, 1980. As a condition to such modification the husband was required to pay all accrued payments as of the date he filed his petition to modify, i.e., the $2,000 for attorney's fees plus interest and the April alimony of $1,000 plus interest. The wife's post-trial motions were denied and appeal taken.
The circumstances surrounding the divorce appear in the two previous appeals' opinions. However, certain events have occurred since the last appeal pertinent to the case at bar.
The husband discontinued the practice of medicine in February 1980 due to a heart condition. In March 1980 he had heart surgery. He attempted to return to work in June 1980 but could not. Sometime in July of that year he began working two to two and one-half hours a day in his practice. Believing that he will be unable to work full time in the future, he testified he could earn a net income of between $1,000 to $1,500 per month. There was no proof otherwise. The husband's practice appears to be his primary source of income. In 1978 he made $62,000 of which $38,000 was from his medical practice. In 1979 his income was approximately $79,000, virtually all of which came from the medical practice.
During the husband's disability and illness he had income from insurance policies of over $4,700 between April and July 1980. He netted some $3,400 on the sale of a mobile home. He also had pending disability claims of between $3,000 and $4,000. However, there was evidence that his many expenses and debts more than offset the income he received in 1980. A checking account in one bank was overdrawn by some $3,500, though he had some $7,000 in an account in another bank at which he also had a large indebtedness. There was overdue interest of more than $3,000 on a loan of some $90,000, upon which there had been no payment of principal in more than two years. Other loans were overdue but extended. There had been no payment on income tax due for 1979, which was estimated by the husband's accountant to be $22,000.
The record reveals that the wife has been living on approximately $300 per month. She does not work nor has she sought employment since the separation and divorce.
The first issue is whether the trial court erred in failing to dismiss the petition to modify through application of the "clean hands" doctrine. The argument is that the husband was in arrears in alimony payments and attorney's fees at the time of his petition to modify; therefore his petition should not have been considered. *Page 101 
We note that the application of the "clean hands" doctrine is a matter peculiarly within the sound discretion of the trial court. Adams v. Adams, 368 So.2d 552 (Ala.Civ.App. 1979). Such discretionary application will not be reversed absent plain and palpable abuse. The basis for application of the doctrine is closely related to the issue of contempt.
The evidence indicates that subsequent to the last appeal, but before this court's order in March 1980, Dr. Cooper discovered the necessity for heart surgery. He discontinued his medical practice in February and underwent surgery in March. As of the time of the most recent hearing and modification from which this appeal comes, he had resumed a daily practice of only two and one-half hours per day. In summary there was evidence that during the periods of default for which a finding of contempt was sought, Dr. Cooper was in financial difficulty and very serious physical condition. We cannot find that the trial court palpably erred in refusing to apply the "clean hands" doctrine or in failing to find Dr. Cooper in contempt.
Inability to comply or non-contumacious failure to comply with an order of the court, if proven to the court's satisfaction, will avoid a finding of contempt. Muery v. Muery,46 Ala. App. 617, 247 So.2d 123 (1971); Ex parte Gunnels,25 Ala. App. 577, 151 So. 605 (1933). The trial court heard the evidence and found that a contempt citation was not warranted. We find no palpable abuse in such finding. See, Lassitter v.Lassitter, 371 So.2d 918 (Ala.Civ.App. 1979).
Appellant next contends that the trial court erred in granting the petition for modification.
In Alabama, periodic alimony obligations may be modified upon a showing of changed circumstances of the parties. Gargis v.Gargis, 367 So.2d 476 (Ala.Civ.App.), cert. denied,367 So.2d 479 (Ala. 1979); 8 Ala. Digest, Divorce, Key No. 245. Where the changed health of one of the parties results in an evidenced change in financial conditions, a modification of alimony may be justified. O'Dell v. O'Dell, 57 Ala. App. 185, 326 So.2d 747
(1976).
The trial court found that the husband's physical condition had changed since the divorce decree of 1979. As a result of his physical condition, his income has been significantly reduced. There is support in the evidence for such finding. It is presumed correct upon review. We find no abuse of discretion.
Attorney's fees, requested by the wife for her representation on appeal, are denied. This court would hope that future matters between the parties will not require our consideration for a fourth time.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.