The parties were divorced by order of the Circuit Court of Jackson County on November 2, 1979. The final decree incorporated an agreement of the parties which provided for division of property, custody of the three minor children, and child support. Neither party appealed
On September 26, 1980, the wife petitioned for a modification of the decree and the husband counterclaimed for certain modifications which he sought. The trial *Page 957 
court, after an ore tenus hearing, denied the husband's requests. He brought this appeal alleging as follows: (1) The trial court erred in failing to award child support to the husband, who had custody of the parties' minor son; (2) The trial court abused its discretion in failing to require the wife to furnish the husband with the residence telephone number of the parties' two minor daughters who resided with the wife; and (3) The trial court erred in holding that property sought to be recovered by the husband was not subject to the terms of the separation agreement since it had already passed to the possession of the wife. We find no error or abuse of discretion and affirm
The record viewed with the attendant presumption reveals the following facts:
The parties were married approximately twenty-two and one-half years and of four children born of the union, three were still minors at the time of the divorce. The wife filed for a divorce on the grounds of incompatibility. Pending the hearing on the original proceeding, the husband moved out of the parties' residence. In August 1979 the wife moved out of the residence and took with her certain personal and household items now the subject of dispute. The parties signed a separation agreement in October 1979, which was later incorporated into the final decree of divorce. The agreement provided, among other things, that the husband would have custody of the parties' son and pay $300 per month as child support to the wife who would have custody of the parties' two minor daughters. The husband was to have sole title to the farm and house which had been the residence of the parties, on condition that he pay the wife $12,000 for her interest with $3,000 upon execution of the agreement and $1,000 quarterly until the balance was paid. The wife was to receive certain enumerated items from the homeplace, leaving the remainder of its contents for the husband. The final decree of divorce was issued on November 2, 1979
In September 1980, the wife, alleging a material change in circumstances, petitioned for a modification of the decree. She asked the court to require the husband's child support payments be paid into court and to require him to pay the entire balance due on her $12,000 interest in the homeplace. In addition, she wanted the husband to stop harassing her and the daughters. The husband counterclaimed requesting that the wife be made to pay child support to him for the benefit of the son in his custody He also wanted the wife to furnish him with the daughters' telephone number as the wife had changed to an unlisted number In defense of the wife's claim for past-due payments involving the homeplace, the husband alleged his willingness to comply as soon as the wife returned the items taken from the home prior to the signing of the agreement. The court's denial of the husband's requests on his counterclaim and his motion for a new trial precipitated this appeal
The first issue presented is whether the trial court erred in failing to award child support to the husband for the benefit of the son in his custody. The husband contends in his brief that the equal protection clause of the fourteenth amendment dictates that when a mother and father have substantially equal financial positions, they should be required to contribute on an equal basis for the support of minor children in the other parent's custody. He relies, by analogy, on the opinions in Orrv. Orr, 374 So.2d 895 (Ala.Civ.App.), cert. denied,374 So.2d 898 (Ala. 1979), in regard to alimony, and Jenkins v. Jenkins,376 So.2d 1099 (Ala.Civ.App.), cert. denied, 376 So.2d 1101
(Ala. 1979), concerning child custody
If the husband is in some way alleging the unconstitutionality of the child support provisions in the original decree, he raises the issue too late. The agreement and provisions he now challenges as contrary to law were merged into and became a part of the judgment of divorce on November 2, 1979. Marino v. Marino,381 So.2d 89 (Ala.Civ.App. 1980). The husband is legally barred, therefore, from challenging the validity of the decree and the provisions of the agreement incorporated therein, by his failure to timely appeal. Johnston *Page 958 v. Johnston, 374 So.2d 357 (Ala.Civ.App. 1979). Furthermore, the agreement complained of was not only signed by both parties, but incorporated into the decree at their request. The husband is now estopped from challenging its validity. McKinleyv. McKinley, 277 Ala. 471, 172 So.2d 35 (1965); Johnston,supra.
If it is the husband's contention that the trial court acted unconstitutionally in failing to award child support to him on the basis of a material change in circumstances, then the applicability of his equal protection argument need not be reached. Before the trial court considers how and by what standards a modification of child support will be determined, it must first find that a material change in circumstances exists
In requesting a modification of the decree for child support, the husband has the burden of proving that there has been a material change in circumstances. Wise v. Wise, 396 So.2d 111
(Ala.Civ.App. 1981). The former decree is conclusive of the interests of the child and the parents' rights so long as there has been no material change from their status at the time of the decree. Ex parte Boley, 392 So.2d 840 (Ala. 1981) Modification of a prior decree for child support is a matter within the discretion of the trial court. Young v. Young,376 So.2d 737 (Ala.Civ.App. 1979). A decree rendered upon an oretenus hearing is presumed to be correct and will not be set aside unless it is unsupported by any credible evidence and is plainly and palpably wrong. Moore v. Moore, 396 So.2d 1074
(Ala.Civ.App. 1981); Gorman v. Gorman, 392 So.2d 238
(Ala.Civ.App. 1980)
The record before us reveals that both parties have remarried and although the wife's income has increased modestly due to some property left to her on the death of her mother, the husband offered no proof that his income had decreased to any material degree since the time of the original decree. The parties' son, in the custody of the husband, has apparently encountered no greater financial needs than those incident to increased school activities as he has gotten older Furthermore, since the time of the decree, the husband's child support obligation has decreased by one half as the older of the two daughters in the wife's custody has reached her majority. On these facts the trial court could have found that there was not a material change in circumstances. We therefore find no abuse of discretion in the refusal to modify the child support provisions of the original decree
The second issue presented is whether the trial court abused its discretion in failing to require the wife to furnish the husband with her residence telephone number. The husband asserts that the wife's unlisted telephone number amounts to a violation of his rights of visitation and communication with his children
In reviewing an order of a trial court in a case heard oretenus, we will not substitute our judgment for that of the trial court. We will reverse only where the evidence shows the order to have been plainly and palpably wrong and unjust. Allenv. Allen, 385 So.2d 1323 (Ala.Civ.App. 1980). The trial court has broad discretion in its judgment concerning visitation rights for the non-custodial parent. Crane v. Crane,392 So.2d 242 (Ala.Civ.App. 1980). Furthermore, when exercising that discretion the trial court's primary consideration must be the best interest and welfare of the child. Allen, supra; Green vGreen, 47 Ala. App. 171, 252 So.2d 97 (1971)
The wife testified for the record that on numerous occasions she returned home from work to find her daughters crying and upset because of telephone conversations with their father. She further testified that the husband encouraged the daughters to call him when their mother was absent. Although the husband urges that the wife should not be allowed to refuse him her unlisted telephone number without a showing that his calls resulted in substantial harm to the daughters, the record before us is replete with illustrations of the parties' ill feelings toward each other. The attempt by both parties to solicit the aid of the children in their squabbles is equally apparent *Page 959 
The husband admits that the wife did furnish him with an emergency number by which he could get in touch with his daughters
In determining the visitation rights of a divorced parent, each case must be decided on the particular facts and personalities involved. The trial court's opportunity for personal observation of the litigants and witnesses accounts for the presumption of correctness which we accord its decreesSkipper v. Skipper, 280 Ala. 506, 195 So.2d 797 (1967). We are unable to say, therefore, that the trial court abused its discretion in failing to require the wife to divulge the unlisted telephone number
The third issue presented is whether the trial court erred in not requiring the wife to return property which she took from the residence prior to the signing of the separation agreement
The division of marital property is left to the sound discretion of the trial court. Makar v. Makar, 398 So.2d 717
(Ala.Civ.App. 1981). The court may adopt or reject such parts of a separation agreement of the parties as it may deem properRalls v. Ralls, 383 So.2d 857 (Ala.Civ.App. 1980); Baumler vBaumler, 368 So.2d 864 (Ala.Civ.App. 1979). In adopting it, the court's construction of the agreement is to be given great weight. See Marino, supra; Johnston, supra. In the case before us, the husband, in effect, requested the trial court to construe the agreement so as to include in the husband's share those items taken by the wife prior to the agreement
The record reveals that the wife testified to a verbal agreement between the parties in regard to the property in question. There was further evidence from which the trial court could have determined that at the time of the agreement, the husband knew, or should have known, the contents of the residence and the absence of the items here in issue. In either event we cannot say that the trial court, which heard the testimony and viewed the witnesses, erred in its construction of the decree and agreement incorporated therein
The wife's request for attorney's fee on appeal is granted in the amount of $500
Finding no error or abuse of discretion, this cause is due to be affirmed
AFFIRMED
BRADLEY and HOLMES, JJ., concur