WRIGHT, Presiding Judge.
This is an appeal from a denial of a petition to modify child support.
The parties herein, James William Parker and Mary Joan Parker, were divorced by consent decree on June 20, 1979.[1] No appeal was taken within the time allowed by law. Of the four children born of the marriage, two were minors at the time of the divorce. The wife was awarded custody of the minor son and daughter, and child support was set at $500 per month “until such time as the parties’ youngest child shall attain the age of 19, marry or become full-time employed.”[2] The minor daughter attained the age of 19 years on October 26, 1980. Beginning with his November 1980 child support payment, the former husband reduced the amount paid to $250.
On April 10, 1980, the former wife petitioned the court to hold the former husband in contempt for failure to comply with the original divorce decree. Parker answered on May 13, 1980, and cross-petitioned alleging that the wife should be held in contempt for failure to comply with the original divorce decree, and that the decree was ambiguous and unclear regarding child support. Both parties subsequently filed various amendments to their pleadings. Parker included a prayer for modification of the amount of child support. An ore tenus hearing was held April 28, 1981.
*1091 The court entered its findings on May 7, 1981, held both parties in contempt of court for failure to comply with the original decree, and denied the former husband’s petition for modification of the child support payments. The court found the husband to be in arrears in the amount of $1,500 for child support, and awarded the wife $750 for her attorney’s fee. Post judgment motions by both parties were denied. The husband appeals the denial of his petition for modification of child support, the ar-rearage, and the award of attorney’s fees to the former wife.
The issues on appeal are whether the trial court abused its discretion (1) by refusing to modify the child support; (2) in ascertaining an arrearage of $1,500 for past due child support; and (3) in allowing the former wife $750 as an attorney’s fee.
Appellant contends that the child support provision in the original decree was improperly changed to read “until such time as the parties’ youngest child shall attain the age of 19, marry or become full-time employed.” No appeal was taken from that decree within the time allowed, and the appellant cannot now complain about that provision. See, Marino v. Marino, 381 So.2d 89 (Ala.Civ.App.1980). We also note that it was stipulated that the original decree was entered pursuant to an agreement of the parties and with their consent.
We turn now to the issue concerning the denial of the petition for modification of child support. Such a modification must be necessitated by a material change in circumstances, and is a matter within the judicial discretion of the trial court. Brothers v. Vickers, 406 So.2d 955 (Ala.Civ.App.1981). We will not disturb the exercise of such discretion on appeal unless after a review of the evidence we find the trier of fact to be plainly and palpably wrong. Moore v. Moore, 396 So.2d 1074 (Ala.Civ.App.1981).
In the instant case, the former husband had remarried, one of the minor children had reached the age of 19, and the former husband alleged that his income had diminished. The court, after an ore tenus hearing, resolved the income issue against Parker. The court, in denying the modification, apparently did not find the other changes sufficient to justify a reduction in child support. That decision is presumed correct and will not be disturbed on appeal unless the evidence shows it to be plainly and palpably wrong. Williamson v. Williamson, 391 So.2d 115 (Ala.Civ.App.1980). We find no error.
We also find no error as to the arrearage. The same presumptions apply, and the calculation of the trial court is supported by the evidence. Clutts v. Clutts, 54 Ala.App. 43, 304 So.2d 599 (1974).
The final issue concerns the award of attorney’s fees to the former wife. The award of a reasonable attorney’s fee in connection with a petition to modify is within the trial court’s discretion. Price v. Price, 360 So.2d 340 (Ala.Civ.App.1978). We find no abuse of that discretion here.
The wife’s request for attorney’s fees on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. In the instant action, the parties stipulated that the final decree of divorce was entered pursuant to the settlement agreement of the parties and with the consent of the parties.

. The divorce case was heard ore tenus by the Honorable Judge Harold Walden. The final decree of divorce, however, was entered by the Honorable Judge James H. Sharbutt pursuant to Rule 63, A.R.C.P. when Judge Walden was out of the state. Judge Sharbutt apparently changed and initialed this provision of the consent decree. It originally read in pertinent part, “until such time as the parties’ children attain the age of 19, marry or become full-time employed.”