WRIGHT, Presiding Judge.
This is a divorce and child custody ease.
The parties were married for eleven years. Two sons, age seven and five, were born during the marriage. The father is an electrical engineer and holds a well-paid and responsible job. The mother is a college graduate and certified teacher, though she has not been employed for several years. The parties are in their early thirties.
The wife abruptly left the husband one night after the youngest child related an incident of play with his father. She carried the children with her and soon thereafter brought this action for divorce.
The wife initially stated incompatibility as grounds for the divorce. She subsequently amended her complaint to charge the husband with serious criminal offenses and mental disorder. There were pendente lite orders of restraint against the husband and supervised visitation requirements. As a result of the charges raised in the pleadings and preliminary hearings, the court ordered examinations of the parents and children by a court-appointed counselor and psychologist. After lengthy testimony (584 pages) of forty-three witnesses at two hearings the trial court entered its final judgment. That judgment granted a divorce because of incompatibility of the parties. It contained a property division and provided alimony to the wife. It granted primary custody of the two boys to the father, with specific but liberal visitation rights to the mother. It required continued psychotherapy of parents and children, with reports to be made to the court of progress.
The only issue brought to this court is whether the court abused its discretion in awarding custody of the children to the father. The standard controlling our consideration of that issue has been stated in various ways in every such case presented to our appellate courts. That standard is that the judgment of the trial court rendered after hearing the testimony of the witnesses, is reviewed on appeal with a presumption of correctness. The reviewing court may reverse that judgment only if after considering all the evidence in a light most favorable to it, it is determined that there is no reasonable support therein and that the judgment therefore is arbitrary and unjust. Clement v. Clement, 455 So.2d 46 (Ala.Civ.App.1984); Prentice v. Prentice, 440 So.2d 1091 (Ala.Civ.App. 1983).
*1330 With that standard guiding us, this court has carefully read every page of the pleadings, the testimony of the witnesses and the judgment of the court. We have kept in mind the fact that the trial judge saw and heard the witnesses as they testified. That fact is universally recognized as giving him a much greater advantage in giving weight and value to the testimony than this court, could have from reading the transcript of it. However, the reading of the testimony convinces this court that no service will be done to the parties, or especially to the children, to set it out here. The interested parties know what it was. To reiterate here would only give painful emphasis and publicity to it without benefit to anyone.
We deem it sufficient to opine that we are unable to find legal basis for reversing the judgment of the trial court. We refuse to do so with full knowledge that that court will continue its watchful jurisdiction over both the parties and the children. It has provided in its judgment the means of doing that. We therefore affirm that judgment.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.