The parties to this appeal were divorced on December 3, 1979. The judgment of divorce incorporated a written agreement which provided, among other things: "2. Defendant shall pay to the plaintiff the sum of $240.00 per month as child support commencing on the first day of December, 1979, and continuing thereafter until the youngest of said minor children shall reach the age of majority."
Appellant filed a motion for contempt and arrearage and appellee filed an answer and a motion to modify the amount of child support, as one child had reached majority and he had remarried. After ore tenus hearing, the trial court awarded judgment for arrearage in the sum of twelve hundred dollars ($1,200.00) and reduced the amount of child support to one hundred fifty dollars ($150.00) per month.
On appeal appellant contends the trial court erred in awarding the amount of arrearage, failing to find the appellee in contempt of court, failing to award the appellant an attorney's fee, and reducing the amount of child support.
The record reveals the oldest child, Anita, moved from her mother's home to her father's home in June 1982, and lived with him until Thanksgiving of that year, when she moved in with her aunt for a six-week period. She then moved to live with a boy friend. She reached majority on December 2, 1983. When she was living with her father, he purchased some clothing for her, as appellant would not release her clothing until January 1983. The father provided her a home and food, and paid $845.50 private school tuition, as she had always attended private school and was a senior. When she resided with her aunt, the father paid $25.00 per week for her support.
In August 1982, appellee began to pay to the appellant $120.00 per month as child support, and continued to do this through April 19, 1984, the date of the hearing. The trial court awarded appellant $1,200.00 for arrearage, giving credit of $1,320.00 to the father. Claims of arrearage of ordered child support may be allowed off-set by credit for amounts expended by the obligated parent, when such parent actually furnishes support for a child while in his custody or the custody of another. Keller v. Keller, 370 So.2d 306
(Ala.Civ.App.), cert. denied, 370 So.2d 308 (Ala. 1979). Under the ore tenus rule this decision is presumed correct and will not be disturbed on appeal unless the evidence shows it to be plainly and palpably wrong. Williamson v. Williamson,391 So.2d 115 (Ala.Civ.App. 1980). We find no error as to the arrearage.
The trial court did not cite the appellee with contempt of court and did not award appellant an attorney's fee. Inability to comply with a child support decree or noncontumacious failure to so comply, if proven to the court's satisfaction, will avoid a finding of contempt. Cooper v. Cooper,401 So.2d 99 (Ala.Civ.App. 1981). There was a conflict in the testimony as to the dialogue between the parties at the time the payments were reduced in 1982. The scope of review in contempt cases is limited to questions of law and does not extend to the weight and sufficiency of the evidence, *Page 377 
but only to the question whether any evidence supports the trial court's decree. Thomas v. Thomas, 406 So.2d 939
(Ala.Civ.App. 1981). Attorney's fees in enforcement proceedings may not be awarded when no contempt citation is made. Scott v.Scott, 375 So.2d 797 (Ala.Civ.App. 1979). We cannot say the trial court erred in failing to cite appellee for contempt and award an attorney's fee.
An order modifying the child support provisions of a divorce decree will not be reversed on appeal unless it is such an abuse of discretion as to be plainly and palpably wrong. Littlev. Little, 349 So.2d 48 (Ala.Civ.App. 1977). The most pertinent factor in determining a modification of child support is a material change in the needs, conditions and circumstances of the children. Womble v. Womble, 56 Ala. App. 318, 321 So.2d 660;cert. denied, 295 Ala. 429, 321 So.2d 664 (1975). That factor coupled with the financial ability of the father to meet such needs, determines the basis for modification. Womble v. Womble,supra. The burden of showing a material change in circumstances rests upon the moving party. Inman v. Inman, 370 So.2d 1037
(Ala.Civ.App. 1979). In reviewing the evidence, we find that one child, Anita, has reached majority and left home; the net income of the father and his present wife is $1,520.00 per month with uncontested expenditures of $1,479.65, plus indebtedness to doctors, dentists and the Internal Revenue Service in the sum of $896.00; there was no monetary evidence as to the present needs of the minor child, Angeleta De Carla.
The modification of child support is a matter within the judicial discretion of the trial court. Brothers v. Vickers,406 So.2d 955 (Ala.Civ.App. 1981). We will not disturb the exercise of such discretion on appeal, unless, after a review of the evidence, we find the trier of the facts to be plainly and palpably wrong. Moore v. Moore, 396 So.2d 1074
(Ala.Civ.App. 1981).
We find no abuse of discretion in this case, and the judgment of the trial court is affirmed.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.