This is a divorce and child custody case.
Patricia Dawkins Green and Mark Lamar Green were divorced by a final decree of September 17, 1984. Custody of their child, Matthew, born on November 30, 1983, was placed with the mother subject to the broad visitation rights granted the father, the terms of which had previously been agreed upon by all the parties. Thereafter, the mother filed a motion requesting reconsideration of the divorce decree, requesting that the trial court alter its decree as to the father's visitation *Page 1136 
rights. The mother appeals the divorce decree and the denial of the motion for reconsideration.
The mother argues in brief that the trial court abused its discretion in awarding the father such liberal visitation rights.
The father's visitation rights are broad, enabling him to visit with his son for about half of the year, including the months of January, June, July, August, September, and November, except for two of every three weekends.
However, we find no abuse of discretion in the broad grant of visitation rights to the father. The shuttling between divorced parents under the decree is not so severe as to require a reversal of the trial court's judgment. The frequency of the shuttling is a factor for the trial court to consider in forming its decree. The parents live only a short drive apart. Shuttling between the homes of the custodial and noncustodial parent in conformance with the divorce decree is a natural incident of divorce. Should adverse consequences appear, either party can then petition to modify the decree.
An award of visitation rights to a noncustodial parent pursuant to a divorce decree is within the trial court's sound discretion and is subject to being set aside for a plain and palpable abuse of that discretion or error as a matter of law.See, e.g., Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App. 1984). The best interests and welfare of the child are to be the primary consideration in making the award. Allen v. Allen,385 So.2d 1323 (Ala.Civ.App. 1980). When the trial court makes a determination after hearing all the relevant evidence without the benefit of a jury, there is a strong presumption that its judgment is correct. See, e.g., Whitt v. Whitt, 460 So.2d 1328
(Ala.Civ.App. 1984).
Based on the evidence in the record and the agreement of the parties, we conclude that the trial court did not abuse its discretion in the award of child custody and visitation rights. The judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.