BRADLEY, Presiding Judge.
The mother appeals from a decree denying her request that the father be held in contempt for failure to pay child support.
The parties to the present proceeding were divorced in May 1984. The mother was awarded the custody of the parties’ two children, and the father was required to pay child support. In February 1986 the divorce decree was modified by a decree awarding the father custody of the two children.
In May 1987 the mother filed a petition for the rule nisi alleging that the father had failed to pay child support from April 1985 through January 1986. After a hearing the trial court denied the requested relief. The mother appeals.
In brief here, the mother argues that the trial court erred in refusing to hold the father in contempt for failure to make child support payments during the period in question. She further contends that the trial court erred by giving the father credit for the time the children lived with him during the period in question.
Although the testimony is in sharp dispute, there is proof that from April 1985 through January 1986 the two children moved out of the mother’s house and moved into the father’s house. The father testified that during this period he provided food, shelter, clothes, laundry, school fees and transportation, and medical and dental expenses for the two children. There was testimony by one of the sons that his father provided all of his support during the period in question. He further testified that he visited his mother only occasionally.
We have held that a wife may not necessarily recover child support payments from a divorced husband who had originally been required to support his children where the children have subsequently lived with and been supported by the former husband. Jones v. Jones, 462 So.2d 375 (Ala.Civ.App.1984); Keller v. Keller, 370 So.2d 306 (Ala.Civ.App.), cert. denied, 370 So.2d 308 (Ala.1979); Nabors v. Nabors, 354 So.2d 277 (Ala.Civ.App.1978). In the case at bar the evidence shows that the children lived with and were supported by their father during the period in question. Consequently, the trial court did not err in refusing to hold the father in contempt for failure to pay child support from April 1985 through January 1986.
The decree of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.