ROBERTSON, Judge.
This is a child visitation case.
Mikhail Allan McMillian (McMillian), who claims to be the father of Allana Denise McMillian, filed for visitation with Allana, claiming the mother, Edwina McMillian Dixon, had refused to allow him to visit his daughter. After an ore tenus proceeding, the trial court granted McMillian limited visitation rights. From that order the mother appeals.
The dispositive issue on appeal is whether the trial court abused its discretion in awarding visitation rights to McMillian without first establishing paternity.
Our review of the record reveals the following facts:
McMillian and Edwina McMillian Dixon were divorced on May 25, 1978. One child, Ivory, was born of the marriage and custody was granted to the mother as a part of the divorce decree. By mutual agreement, Ivory has lived with McMillian for over three years although the mother still holds legal custody. A second child, Allana, subject of this action, was born May 31, 1979, over a year after the divorce.
It is undisputed that the mother told McMillian that Allana is not his child. Even so, during the mother’s pregnancy with Allana there was an unsuccessful attempt toward reconciliation between the parties. Additionally, at Allana’s birth, the mother had McMillian summoned to the hospital, where he paid some of the expenses and remained in the delivery room with her throughout the birth. The mother signed Allana's birth certificate on June 1, 1979, certifying the correctness of the information she provided, which included listing McMillian as the father.
Following Allana’s birth, McMillian continued involvement in her life to the extent of visitations, buying her birthday and Christmas gifts, visiting her at school, etc. He testified that he offered to help support Allana but that her mother refused it. Al-lana’s teacher testified that McMillian was listed on school records as Allana’s father, and that she had called McMillian requesting school monies for Allana, which he brought her.
Allana’s older sister, Ivory, testified that she and Allana were close and that Allana had been allowed to visit in her father’s home until her mother stopped the visitations. Ivory also testified that Allana calls McMillian “Daddy” and that they all get along very well.
Allana testified that she knew and understood the purpose of being in court was to discuss visitation with “my father.” She indicated that she had visited in his home and that he had visited her at school but that he stopped because her mother “went up to the office and had a way where he couldn’t come.”
The trial court received oral testimony from McMillian, Ivory, Allana, the mother, and Allana’s school teacher. The court offered the opportunity for paternity testing but did not require it when the opportunity was refused. After hearing the testimony, the court determined that there was such a connection with the child from birth that continuation of that relationship was in the best interest of the child.
In reaching this conclusion, the trial court made the following findings:
“[Mjikhail McMillian was present in the delivery room whenever the child Al-lana Denise McMillian, was born; that he, Mikhail McMillian, paid some of the expenses for the birth of this child; that Edwina Dixon identified Mikhail McMilli-an as the father of said child to the Bureau of Vital Statistics and consequently, Mikhail McMillian was listed *618 and is listed as the father of said child on the child’s birth certificate; that Mikhail McMillian has had a continuous relationship with said child since the child’s birth; and the child calls Mikhail McMilli-an her father and he considers her his child.
“... [F]urther ... the relationship of this putative father to said child is such that to disrupt said relationship without visitation would not be in the interest of said child.”
The trial court did not make a determination as to paternity but, rather, based its visitation decision on the existing relationship and the best interest of the child.
Our scope of review is limited when the trial court receives ore terms evidence. The broad discretion of the trial court in determining visitation rights will not be disturbed on appeal unless its findings are so unsupported by the evidence as to be plainly and palpably wrong. Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App.1987), and Brothers v. Vickers, 406 So.2d 955 (Ala.Civ.App.1981).
It is well established that the trial court has wide discretion in setting visitation rights and that the primary consideration in such cases is the best interest and welfare of the child. Additionally, we have consistently recognized that each child visitation case must be decided on its own facts and circumstances. Fanning v. Fanning, 504 So.2d 737 (Ala.Civ.App.1987), and Brothers, supra.
In light of the evidence presented and the attendant presumptions, we cannot say the visitation privileges and arrangements made by the trial court were plainly and palpably wrong. Accordingly, we affirm that judgment.
The appellee’s request for an attorney’s fee in this appeal is denied.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.