Following an ore tenus proceeding, the Circuit Court of Mobile County entered a final divorce decree divorcing the parties, dividing the parties' property, and awarding the wife custody of the three minor daughters. The wife appeals.
Initially, the wife contends that the trial court erred in failing to restrict the husband's visitation privileges.
Each case involving a noncustodial parent's visitation rights requires an examination *Page 485 
of the facts and circumstances of the individual situation.Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App. 1987). Once an ore tenus proceeding is held and the visitation rights are determined, the decree is presumed correct if it is supported by the evidence. Brothers v. Vickers, 406 So.2d 955
(Ala.Civ.App. 1981). Our standard of review of the trial court's order does not allow us to substitute our judgment for that of the trial court. Andrews. Implicit in this presumption of correctness is our recognition that the trial court was able to personally observe the litigants and the witnesses. Brothers.
The wife alleges that the husband's visitation privileges should have been restricted because he is an "alcoholic, child abuser . . ., wife beater, and adulterer." The record is replete with such allegations. The allegations, however, are not without dispute. It is apparent from the trial court's order that the court thoroughly considered the evidence concerning this issue. This concern is evidenced by the mandate that the parties and the children attend counseling sessions concerning visitation problems. Our review of the evidence supports the trial court's order concerning the husband's visitation privileges.
The wife asserts that the trial court erred in its award of child support. She contends that in applying the child support guidelines as provided by Rule 32, Rules of Judicial Administration, the trial court used the incorrect figure depicting the husband's gross income. There was evidence in the record that the husband's monthly gross income amounted to $2,990. The trial court ordered that the husband pay $848 per month in child support. This amount was in correlation to the amount of support suggested by the guidelines. We find no error.
The wife asserts that the trial court abused its discretion in the division of property. She specifically contends that the trial court erred in refusing to award to her the marital homeplace and in ordering her to pay $1,500 to the husband.
The record reflects that while they were married the parties lived in a rented apartment. Prior to the hearing, the wife and children moved out of the apartment and moved in with the wife's parents in Louisiana. The record does not reflect that the wife is even interested in returning to Mobile. Concerning the $1,500 award, the record reflects that the wife moved everything of value out of the apartment and took the valuables with her to Louisiana. There was evidence that she sold a majority of the familial assets.
The division of marital property is within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it has abused that discretion.Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986). Applying the attendant presumptions to the facts in this case, we cannot say that the trial court abused its discretion in the distribution of the marital property.
The wife finally contends that the trial court abused its discretion in refusing to award permanent periodic alimony to her. An award of periodic alimony is a matter within the judicial discretion of the trial court and will not be reversed on appeal except for palpable abuse. Wiggins v. Wiggins,498 So.2d 853 (Ala.Civ.App. 1986). Factors which the trial court should consider when determining whether periodic alimony is to be granted include the future prospects of the parties, their sex, ages, health, station in life, and how long they were married. Warren v. Warren, 386 So.2d 1166 (Ala.Civ.App. 1980).
The trial court ordered the husband to pay the indebtedness on the wife's automobile. This amounts to $239 per month. The husband was also ordered to pay the marital debts and the wife's attorney's fees. He apparently has no assets other than from his employment.
The record reflects that the parties were married for 13 years. The wife is 28 years old and is in perfect health. At the time of the hearing she was actively seeking employment. She has no debts from the marriage, has a paid-for automobile, and is well able to support herself. We find no palpable abuse of the judicial discretion of the *Page 486 
court in the denial of an award of permanent periodic alimony.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.