RUSSELL, Judge.
This appeal is from a final judgment finding the father in arrears for child support payments.
The parties were divorced in April 1982. The decree of divorce awarded custody of the two minor children to the mother and ordered the father to pay $100 per week through the court as child support.
*871 The father made child support payments through the court until January 1984, at which time he moved into a house that he owned, which was occupied as well by the mother and children. After the father began to live with the mother and children, he discontinued making support payments through the court until February 1987. The father lived in the house with the mother and children until May 1987, when he moved out. In August 1987 the mother and children also vacated the residence.
In May 1989 the mother filed a petition asking the trial court to increase the weekly child support payments and to find the father in contempt for failure to make child support payments as provided for in the divorce decree. The trial court, in May 1990, found the father in arrears in the amount of $16,000, for the period between January 1984 and February 1987. The father then filed a motion to reconsider, wherein he asked the trial court to credit him for his expenditures on behalf of the children made during the period when they and the mother lived with him from January 1984 to February 1987. After an ore tenus proceeding, the trial court reduced the amount of the arrearage by $4,000, to $12,000. The father appeals from the trial court’s final judgment. We affirm.
The father contends that the trial court erred by not allowing him a full credit against the support arrearage for the period between January 1984 and February 1987. We disagree.
It is well settled that, where evidence is presented ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
The record reveals that, after the father moved in with the mother and children, he failed to make payments of child support through the court from January 1984 until February 1987. It is uncontro-verted that during this period the father made the mortgage payments on the house, which he owned, and that the mother paid no rent to the father; the mother’s own testimony indicated that the father made such payments for the children. However, from a review of the record, we can find no other evidence of any expenditure or support provided by the father on behalf of the children during the period of time in controversy, other than the father’s own testimony, which was disputed by the mother, that he paid the household bills and the bills for the children’s food and clothing.
The mother disputed the father’s testimony and averred that, pursuant to an agreement between her and the father, she paid the utility bills for the house during this period and that the father had not, as he contended, bought clothes for the children. The mother further averred that the responsibility for payment of other household bills was shared between her and the father.
Although there have been several cases where this court has allowed credits for periods in which a father has supported the children, such instances have typically involved situations where the children have moved out of the mother’s house and lived solely with the father. Mitchell v. Morrison, 522 So.2d 785 (Ala.Civ.App.1988); Jackson v. Jackson, 449 So.2d 242 (Ala.Civ.App.1984); Queen v. Queen, 437 So.2d 1316 (Ala.Civ.App.1983); Nabors v. Nabors, 354 So.2d 277 (Ala.Civ.App.1978). While we do not find the principle of law enunciated in these cases to be inapplicable in circumstances similar to those in the case at bar, we would note that, when the children live solely with the father, it is more readily apparent to the trial court when the father has provided the primary support.
At the trial and at the subsequent hearing on the father’s motion to reconsider the original judgment, the trial court had the opportunity to hear evidence that would support the father’s contention that he should receive full credit on the arrear-age that accrued between January 1984 and February 1987. The trial court credited the father for $4,000 of child support payments when it ruled on his motion to reconsider. We note here that, while a *872 trial court may allow a credit against an arrearage in child support, such a decision is within the discretion of the trial court and will not be reversed absent a showing of plain and palpable abuse. Kinsey v. Kinsey, 425 So.2d 483 (Ala.Civ.App.1983).
We find nothing in the record to substantiate a claim for any larger amount than was credited by the trial court. The only testimony before the trial court indicating that the father had paid support for the children, other than payments on the house where the children resided during the contested period, was disputed by the mother. As the house payments were the sole expenditures for which the father provided uncontroverted proof, the trial court could have viewed such payments as rental payments on behalf of the children and, accordingly, credited the father for these amounts.
In view of the above, we find that it was within the trial court’s sound discretion to determine that the father should receive credit for an amount of only $4,000 of the accrued arrearage of $16,000. Accordingly, we affirm the trial court’s decision.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.