ROBERTSON, Presiding Judge.
Khalil S. Moses (father) and Suzette C. Faulkner (mother) were divorced in September 1987, and by agreement, custody of the minor child was awarded to the father. This is the third time the parties have been before this court on post-divorce proceedings. In Moses v. Faulkner, 587 So.2d 372 (Ala.Civ.App.1991), this court reversed the judgment of the trial court which changed custody of the minor child from the father to the mother. On September 24,1992, the father filed a petition for writ of mandamus, which was denied without opinion.
This proceeding began in March 1992, by the wife’s filing a petition for contempt and for modification of the divorce decree, alleging inter alia that custody of the child had been awarded to the father; that the mother was ordered to pay $226.96 per month in child support for the minor child; that the mother was given standard visitation rights; that there had been a change in the child’s living conditions, and that the child’s best interests would be materially promoted by a change of custody; that there had been a material change in circumstances to warrant a decrease in the mother’s child support obligation; and that the father is in contempt of court for failure to allow the mother to have visitation -with the minor child since March 1991.
The father filed an answer and counter petition, wherein he alleged that the mother was in contempt of court by being in arrears in her child support payments. The mother amended her petition by stating that she is entitled to a change of custody, since the father had denied her all visitation, and that there had been a material change in circumstances warranting a change in visitation due to the father’s moving to Nassau, Bahamas, with the minor child.
Following an ore tenus proceeding, wherein only the mother testified before the trial court and the father testified by deposition, *312 the trial court found that a material change in circumstances had occurred to warrant a modification of the previous child support order and visitation schedule. The trial court ordered, inter alia, that the minor child have specific visitation with the mother which included:
“a) Spring break each year from the Sunday prior to spring break until the Sunday following spring break.
“b) From seven days after the ending of the child’s school year until seven days before the beginning of the following school year....
“c) From the day following the last day of school prior to Christmas vacation until three days prior to the beginning of school after Christmas vacation each year.
“d) From August 10, 1992 until August 25, 1992.”
The order also provided that the previous child support order be modified, so that no child support is due while the mother is unemployed; that an arrearage of child support was due and owing from the mother to the father in the amount of $6,077.58; that the father was responsible for expenses that the mother had incurred in an effort to exercise visitation with the minor child, attorney’s fees to obtain visitation, attorney’s fees in the present action, and expenses incurred in the present action, totaling $7,120.89; that the father owed the mother $1,043.32 after crediting the sums due the father from the mother for child support; that the father was in contempt of court for willful failure to allow the mother to exercise visitation as previously ordered; and that the father may purge himself of contempt by strictly complying with the orders of the decree.
The father appeals, contending that the trial court abused its discretion in offsetting the expenses the mother incurred against the child support arrearage and in awarding the mother visitation every Christmas, spring vacation, and the entire summer.
First, the father contends that claims of arrearage in child support may be offset by credit for amounts expended by the obligated parent when that parent actually furnishes support for a child in his custody. Ricks v. Ricks, 515 So.2d 26 (Ala.Civ.App.1987); Weaver v. Weaver, 401 So.2d 77 (Ala.Civ.App.1981). He argues that there is no testimony or other evidence that the mother supported the child during the visitation periods, and that the child support arrearage is being offset by expenses incurred in exercising visitation and not by expenses incurred to support the child.
It is well settled that, in proceedings where the evidence has been presented ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside on appeal unless it is plainly and palpably wrong or unjust. Haygood v. Haygood, 581 So.2d 870 (Ala.Civ.App.1991). Also, it is within the discretion of the trial court to allow a credit against an arrearage in child support, and its judgment will not be reversed absent a showing of plain and palpable abuse. Haygood. We cannot hold that the trial court’s judgment as to this issue is plainly and palpably wrong or unjust.
The father also contends that the trial court abused its discretion in awarding the mother visitation with the minor child every Christmas, spring vacation, and summer.
The mother testified that, since the standard visitation schedule was ordered in February 1990, the minor child had moved to the Bahamas; that she is unable to implement the standard visitation schedule; and that she needs an extended period of time for visitation.
The award of visitation rights is a matter within the discretion of the trial court, and this court will not reverse absent a showing of a plain and palpable abuse of that discretion. Green v. Green, 474 So.2d 1135 (Ala.Civ.App.1985). The primary consideration in making the award is the best interests and welfare of the child. Green.
Although the mother has been awarded rather extended visitation rights, after a review of the record, we cannot find a plain and palpable abuse of the trial court’s discretion in the award of visitation to the mother. The judgment as to this issue is also affirmed.
AFFIRMED.
*313 THIGPEN, J., concurs in result.
YATES, J., concurs in result, with opinion.