L. CHARLES WRIGHT,
Retired Appellate Judge.
The parties were married in 1969. In 1993 the wife filed a petition for divorce, alleging an incompatibility of temperament, an irretrievable breakdown of the marriage, adultery on the part of the husband, and physical abuse by the husband. Following oral proceedings, the trial court awarded custody of the parties’ 18-year-old daughter to the wife, ordered the husband to pay child support and to be responsible for one-half of the child’s college expenses, beginning in September 1994. The wife was awarded the marital home, subject to the mortgage payments, the day care center, a 1986 Buick Century automobile, a 1990 Toyota Corolla automobile for the use and benefit of the child, and $10,000 in alimony in gross. The divorce was granted on the grounds of incompatibility of temperament, an irretrievable breakdown of the marriage, and adultery. The husband appeals.
Initially, the husband asserts that the trial court erred in granting the divorce on the grounds of adultery. He contends that the trial court improperly considered the allegations of adultery in its division of property and its award of alimony.
“While it is difficult and somewhat rare to prove adultery by direct means, the charge of adultery in a divorce case may be proven by circumstantial evidence which creates more than a mere suspicion.” Billington v. Billington, 531 So.2d 924 (Ala.Civ.App.1988). Proof to support the charge of adultery “must be sufficiently strong to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference.” Boldon v. Boldon, 354 So.2d 275 (Ala.Civ.App.1978).
We have thoroughly reviewed the record and find ample evidence to support the trial court’s finding of adultery. We are of the opinion that a detailed recital of the evidence of adultery would serve no useful purpose here. We emphasize that in cases such as this, the trial court’s observation of the witnesses is of utmost importance. It is an opportunity that we are not afforded because the credibility of oral testimony is entrusted to the trier of fact. Shirley v. Shirley, 600 So.2d 284 (Ala.Civ.App.1992). In such situations we will not substitute our judgment for that of the trial court. Shirley.
The wife was awarded the marital home, subject to the outstanding mortgage. There was testimony that there was no equity in the home and that the wife had furnished and maintained the home with little monetary assistance from the husband. The wife was awarded the day care center, which encompassed a $45,000 lien. At trial the husband stated that he made no claim to the day care center. The wife was awarded a ear for herself, subject to its indebtedness, and $10,-000 in alimony in gross.
The division of property and the award of alimony are within the sound discretion of the trial court. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). “Where one spouse is guilty of misconduct toward the other spouse, the trial court’s award may be as liberal as the estate of the offending spouse will permit under the circumstances.” Shirley. In a divorce action, when the trial court personally hears the evidence, the judgment entered is presumed to be correct on appeal. The judgment will not be altered on appeal if it is supported by competent, legal evidence unless the trial court’s decision is palpably wrong. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986).
The wife also presented sufficient evidence to support her allegation of physical abuse. In view of the husband’s marital *29 misconduct, we find no abuse of the trial court’s discretion in the division of property or the award of alimony in gross.
The husband next asserts that the trial court erred in its calculation of child support.
The trial court ordered that child support be paid in accordance with Rule 32, A.R.J.A. In its computation it used figures supported by the evidence, and it reached an amount in correlation to the amount suggested by the guidelines. We find no error. Pelanne v. Pelanne, 572 So.2d 484 (Ala.Civ.App.1990).
The husband finally asserts that the trial court erred in ordering him to pay one-half of the minor child’s college expenses.
The parties have post-graduate degrees. Both testified that they want their child to receive a college education. The husband does not question the child’s commitment to, or aptitude for, a college education. He contends, however, that such an obligation as that imposed by the trial court would create an “undue hardship” on his financial situation.
Child support for a child’s college education is a matter within the trial court’s discretion, and this court will reverse only upon a showing that the trial court abused that discretion or that the judgment is plainly and palpably wrong. Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App.1990). The term “undue hardship” does not mean without any personal sacrifice. Thrasher.
While there may be some temporary personal sacrifice placed on the husband, we cannot hold that the trial court abused its discretion, or that the trial court’s judgment ordering the husband to contribute to the child’s college expenses is plainly and palpably wrong. This is so, particularly in view of the fact that the husband will be relieved of his child support payments once he begins to make the post-minority support contributions.
The judgment of the trial court is affirmed.
The wife’s request for attorney fees on appeal is granted in the amount of $500.00.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.[1]
AFFIRMED.
All the Judges concur.

. This case was transferred to the author of this opinion on June 27, 1994.