NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-269

CLAIRE JAMES, ET AL.

VERSUS

NEW IBERIA HEALTHCARE, LLC, DOING

BUSINESS AS DAUTERIVE HOSPITAL, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 128349
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Amy, J., concurs in the result and assigns written reasons.

**Marc W. Judice**
**Judice & Adley**
**P. O. Drawer 51769**
**Lafayette, LA 70505-1769**
**(337) 235-2405**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Gerard Sigue, M.D.**
**Healthcare Indemnity, Inc.**

**Stephen Gary McGoffin**
**Durio, McGoffin, Stagg and Ackerman**
**P. O. Box 51308**
**Lafayette, LA 70505**
**(337) 233-0300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**New Iberia Healthcare, LLC, d/b/a Dauterive Hospital**

**Randall Scott Iles**
**Attorney at Law**
**P. O. Box 3385**
**Lafayette, LA 70502**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Claire James**
**Claire James o/b/o her mother, Laura James (deceased)**

**Nicholas Gachassin, III**
**Richard L. Houghton, III**
**Gachassin Law Firm**
**P. O. Box 80369**
**Lafayette, LA 70508-0369**
**(337) 235-4576**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Shahed Jameel, M.D.**

**SAUNDERS, Judge.**

This is a case involving a medical malpractice action. Plaintiff instituted an action against Defendant alleging that Defendant breached the applicable standard of care in the care and treatment of her mother, which allegedly caused her mother's death.

After reviewing all the evidence, the Medical Review Panel rendered a unanimous opinion in favor of Defendant, finding that there was no deviation from the appropriate standard of care.

In spite of the Medical Review Panel's favorable decision, Plaintiff filed suit against Defendant. Defendant filed responsive pleadings generally denying the claims and allegations of Plaintiff.

After written discovery was exchanged between the parties, Defendant filed a Motion for Summary Judgment requesting that Plaintiff's claims against him be dismissed. The trial court granted Defendant's motion and dismissed Plaintiff's claims with prejudice.

Plaintiff now appeals the trial court's ruling. Her argument is that there are genuine issues of material fact as to whether the care provided by Defendant to her mother was substandard, and whether that substandard care caused her mother's death.

**FACTS AND PROCEDURAL HISTORY:**

On February 16, 2013, Laura James ("Laura") presented to Dauterive Hospital complaining of a myriad of healthcare problems by history, with a reason for her presentation directly related to upper respiratory problems and bronchitis. While in the emergency department, Laura was seen by Dr. Shahed Jameel, who admitted her with a diagnosis of acute bronchitis and sinusitis, UTI with a positive leucocyte esterase, chronic kidney disease, hypertension, type-2 diabetes, GERD,

and neurogenic bladder and bowel (chronic) due to back surgery in 2008. Laura had no known drug allergies and no neurological deficits. She was alert and oriented and in no acute distress. Laura was started on IV Levaquin and duonebs with spirometry every 4 hours, and placed on an insulin sliding scale to keep her blood glucose in control. Her home anti-hypertensive medications were re-started and she was also placed on IV hydralazine as needed for blood pressure control.

Dr. Jameel's plan was to avoid reducing the blood pressure too much too fast, as Laura may have been accustomed to higher blood pressures than normal chronically, especially given her hypertension, diabetes mellitus, and chronic kidney disease, where blood pressure may be more difficult to control. After this encounter, care of Laura was transferred to the next on-duty hospitalist. On February 24, 2013, at 1542, after suffering a massive stroke, Laura expired.

On September 24, 2014, Plaintiff, Claire James ("Claire"), Laura's daughter, filed a complaint with the Louisiana Patient's Compensation Fund ("PCF") against Dr. Shahed Jameel and New Iberia Healthcare, LLC doing business as Dauterive Hospital ("Dr. Jameel"), requesting a review of the medical care provided to Laura by Dr. Jameel on February 16, 2013.

On February 17, 2016, after reviewing all the evidence, the Medical Review Panel rendered a unanimous opinion in favor of Dr. Jameel, finding that there was no deviation from the appropriate standard of care.

In spite of the Medical Review Panel's favorable decision, Claire subsequently filed suit against Dr. Jameel. On November 14, 2016, Dr. Jameel filed responsive pleadings generally denying Claire's claims and allegations of substandard care.

2

On August 9, 2017, Dr. Jameel filed a Motion for Summary Judgment. The motion was heard on November 15, 2017. Judgment was rendered granting the motion on December 7, 2017.

Claire timely filed a motion for devolutive appeal. Pursuant to that motion, Claire is presently before this court alleging one assignment of error. Her argument is that the care provided to Laura by Dr. Jameel was substandard, and that substandard care caused Laura's death.

**DISCUSSION ON THE MERITS:**

In her single assignment of error, Claire alleges that the trial court erred as a matter of law in granting Dr. Jameel's Motion for Summary Judgment. We disagree.

Appellate courts review motions for summary judgment *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. The reviewing court, therefore, is tasked with determining whether the "motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The burden of proof remains with the movant in a Motion for Summary Judgment. La.Code Civ.P. art. 966(C)(2). Because the Mover herein is Defendant, and because Defendant does not bear the burden of proof at trial in this matter, the burden of the Mover regarding the Motion for Summary Judgment is solely to point out an absence of factual support for one or more essential elements of the non-moving party's claim. La.Code Civ.P. art. 966(D)(1); *Perricone v. East Jefferson Gen. Hosp.*, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48. Therefore, if the non-moving party, in this case the Plaintiff, fails to produce factual support sufficient to

establish that the non-moving party will prevail in their evidentiary burden of proof at trial, then no genuine issue of material fact exists, and the mover is entitled to summary judgment as a matter of law. *See* La.Code Civ.P. art. 966.

The Plaintiff may not rest upon the mere allegations or denials in the pleadings to oppose the Defendant's motion for summary judgment. Affirmative evidence must be presented in order to defeat a properly supported motion for summary judgment. *Wright v. Louisiana Power & Light*, 06-1811 (La. 3/9/07), 951 So.2d 1058.

In a medical malpractice action, the Plaintiffs bear the burden of proving the applicable standard of care, a breach of that standard of care by the Defendant, injuries sustained by the Plaintiff, and a causal connection between the breach and the injury. La.R.S. 9:2794(A); *Pfiffner v. Correa*, 94-0924, 94-0963, 94-0992 (La. 10/17/94), 643 So.2d 1228; *Weeks v. Brown*, 01-0495 (La.App. 3 Cir. 10/3/01), 796 So.2d 839. The mere fact of an injury does not create a presumption of negligence. La.R.S. 9:2794(C).

The Plaintiff must meet their burden of proof that Defendant breached the standard of care and caused the Plaintiff's damages through expert evidence. *Martin v. East Jefferson Gen. Hosp.* 582 So.2d 1272 (La. 1991). "Expert testimony is especially necessary where the defendant in a medical malpractice action has filed a [Motion for Summary Judgment] supported by expert opinion evidence that [their] treatment met the applicable standard of care." *Britt v. Taylor*, 37,378, p.7 (La.App. 2 Cir. 8/20/03), 852 So.2d 1128, 1133. Louisiana courts have repeatedly held that, when the plaintiff does not have an expert in a medical malpractice case, summary judgment is warranted. *See, e.g.*, *Brooks v. Christus Health Southwestern Louisiana*, 06-1497 (La.App. 3 Cir. 4/4/07), 954 So.2d 393, *writ denied*, 07-0967 (La. 8/31/07), 962 So.2d 442; *Williams v. Memorial Med. Ctr.*, 03-1806 (La.App. 4 Cir. 3/17/04),

4

870 So.2d 1044, *writ denied*, 04-0963 (La. 6/4/03), 876 So.2d 93; *Lee v. Wall,* 31,468, 31,469 (La.App. 2 Cir. 1/20/99), 726 So.2d 1044. In *Martin*, 582 So.2d at 1276, (citations omitted), the supreme court noted:

> In a medical malpractice action against a physician, the plaintiff must first establish by a preponderance of the evidence that the doctor's treatment fell below the ordinary standard of care expected of physicians in his medical specialty, and must then establish a causal relationship between the alleged negligent treatment and the injury sustained. Resolution of each of these inquiries are determinations of fact which should not be reversed on appeal absent manifest error.
>
> . . . .
>
> [I]f the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. . . . [W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.

In *Charpentier v. LAMMICO Insurance Co.*, 606 So.2d 83, 87 (La.App. 3 Cir. 1992), (citations omitted), this court stated:

> The law does not require perfection in medical diagnoses and treatment. On the contrary, a doctor's professional judgment and conduct must be evaluated in terms of reasonableness under the then existing circumstances, not in terms of results or in light of subsequent events. When the alleged negligence of a specialist is at issue, only those qualified in that specialty may offer expert testimony and evidence of the applicable standard of care. When the expert opinions contradict concerning compliance with the applicable standard of care, the trial court's conclusions on this issue will be granted great deference. It is the sole province of the factfinder to evaluate the credibility of such experts and their testimony.

What is crucial is that our review of the record reveals that the Medical Review Panel composed  well-qualified Louisiana licensed physicians, convened to consider the facts of this matter and the claims of Claire.  After review of the relevant medical records, the panel unanimously agreed that Dr. Jameel did not in any way breach the standard of care.

The Medical Review Panel's opinion is as follows:

As to all defendants, Dauterive Hospital, Dr. Shahed Jameel and Dr. Gerard Sigue, the evidence does not support the conclusion that any of the defendants failed to meet the applicable standard of care as charged in the complaint.

Equally crucial is that Claire failed to produce sufficient, admissible evidence contradictory to the expert opinion of the Medical Review Panel. The evidence asserted by Claire merely references tangential statements made by panel member Dr. Gary Guidry under oath during his deposition in which Dr. Guidry criticized the care that *another* hospitalist rendered to Laura one day prior to Dr. Jameel's encounter with her, which is of absolutely no consequence to Dr. Jameel. Relative to that care, Dr. Guidry testified as follows:

A.    Okay. I think giving her the dye, the contrast --

Q.    Yes, sir.

A.    -- with the creatine of whatever it was, 2 -- it was over 2, okay --

Q.    Yes, sir.

A.    -- I don't think that is – I don't think that's appropriate.

Q.    Uh-huh.

A.    Okay. But do I think that that had anything to do with her death? No, I don't.

Thus, the only expert opinion offered by Claire concerned a procedure that, in Dr. Guidry's opinion, may have been inappropriate, but would not have resulted in Laura's death, and that, moreover, was ordered by a hospitalist other than Dr. Jameel, who was not named as a defendant in this matter. Without expert opinion evidence to support a claim of medical malpractice, the Plaintiffs cannot meet their burden of proof. *Cherry v. Herques*, 623 So.2d 131 (La.App. 3 Cir. 1993); *Moore v. Healthcare Elmwood, Inc.*, 581 So.2d 871 (La.App. 5 Cir. 1991); *Peters v. ABC Ins. Co.*, 552 So.2d 430 (La.App. 4 Cir. 1989). As such, Claire has not asserted expert testimony which contradicts the receivable evidence that Dr. Jameel has produced

6

that he did not, in any way, breach the standard of care in his treatment of Laura. Accordingly, we affirm the trial court's ruling on this issue.

## CONCLUSION:

Claire James asserts that the trial court erred as a matter of law in granting Dr. Jameel's Motion for Summary Judgment. Finding no merit to this issue we affirm the trial court's ruling on this issue.

Costs of these proceedings are assessed to Claire James.

**AFFIRMED**.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.

NUMBER 18-269

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

CLAIRE JAMES, ET AL.

VERSUS

NEW IBERIA HEALTHCARE, LLC, DOING
BUSINESS AS DAUTERIVE HOSPITAL, ET AL.


AMY, Judge, concurring in the result.

I agree with the majority that an affirmation is appropriate in this case. As observed in the majority opinion, the plaintiff has not produced expert testimony in support of her claim. And, critically, the medical and factual issues presented are not those by which negligence is readily perceived. *See, e.g.*, *Schultz v. Guoth*, 10-0343, p. 7 (La. 1/19/11), 57 So.3d 1002, 1006-07 (explaining that "[e]xpert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony.").